## RUTHERFORD *vs.* RUTHERFORD.

Where, in ejectment, one of the attesting witnesses swore that he subscribed the will under which the defendant claimed, at the request of the other witness, made in the testator's presence, and that the testator himself said nothing to him on the subject, but the other witness testified that the testator did make the request to the first mentioned witness, and the plaintiff who claimed in hostility to the will offered to prove by another person that the testator did not at the time say any thing, it was held that such testimony should have been received.

Where the request, by the testator to one of the attesting witnesses to become such, was not personal and direct, but was sought to be inferred, from his desiring the witness to be sent for to attest the execution of his will, and from a request made to such witness by another person in the testator's presence, it was held that the question whether the requisite request was made ought to be submitted to the jury.

Whether the provision requiring the testator to declare the instrument to be his last will and testament, is satisfied if the declaration is made to the attesting witness in the presence and hearing of the testator by another person, *quere.*

The declaration must at all events be unequivocal, and where it was stated that the instrument was his " will or agreement," it was held insufficient.

It is a fatal objection to the proof of a will, if one of the witnesses neither saw the testator subscribe, or heard him acknowledge his signature to the instrument.

EJECTMENT for lands in St. Lawrence county, tried before WILLARD, C. Judge, at the circuit for that county, in February, 1844.

Richard Rutherford died seized of the premises in question in January, 1843. The plaintiff was one of his children and heirs, and he was also the grantee of two other of his heirs, and he claimed to recover an undivided interest in the premises upon the assumption that the deceased died intestate.

The defendant is the widow of Richard Rutherford, and claimed to be entitled to the possession of the premises as a

devisee under his will. She produced a paper purporting to be the last will and testament of Richard Rutherford, which appeared to be subscribed by him. There was no formal attestation clause, but it was subscribed after the words " witnessed by," at the foot of the will, by Peter Henry and John H. Rutherford, as witnesses. She gave in evidence an exemplification of the record of the proof taken before the surrogate of St. Lawrence county, upon which he had admitted the will to probate, which was to the following effect. Peter Henry, one of the witnesses, swore that the testator, in his last illness, and two days before his death, requested the witness to draw his will; upon which he drew the paper propounded, according to instructions given him by the testator, that the testator read it over, and the witness also read it aloud to him, and he pronounced it right, and signed it in the presence of the witness, and requested the witness to sign it, which he accordingly did in the form above stated, and the testator then requested that John H. Rutherford (the other witness) who, though not present, was supposed to be in the house, should be sent for, and desired his wife to go and call him; that he (J. H. Rutherford) came in shortly after, and the witness told him that the paper was Richard Rutherford's " will or agreement;" that the testator spoke and requested him to sign it ; which he did.

John H. Rutherford testified that he was at testator's barn, when he was informed by one Gideon Rutherford that he was wanted in the house, upon which he went into the room where the testator was lying, when witness' mother, who was in attendance, told him they were making a will and wanted him to sign it as a witness; that the witness inquired of Mr. Henry what it was they wanted him to sign, who replied that it was " the will or agreement" of Richard Rutherford, and that he (R. Rutherford) wished him to sign it, and he did so. That the testator said nothing to the witness and the witness made no remark to him. He said he did not hear the paper read, and did not see the testator sign his name, and had not seen him before on that day.

The plaintiff's counsel objected to the reading of the will in

evidence, insisting that it was not proved to have been duly executed, but that on the contrary it appeared that the requirements of the statute had not been complied with, and particularly that it was not subscribed by the testator in the presence of the two witnesses, nor acknowledged by him in their presence to have been so subscribed, and that he had not declared it to be his will in the presence of the attesting witnesses. The circuit judge overruled the objections. The plaintiff's counsel then offered to prove by another witness that the testator did not speak at all while the witness J. H. Rutherford was in the room, but the circuit judge rejected the evidence. The testimony being closed the circuit judge, on the motion of the defendant's counsel, nonsuited the plaintiff.

The plaintiff, upon exceptions taken to the several decisions of the circuit judge, now moved to set aside the nonsuit and for a new trial.

*James Edwards*, for the plaintiff, relied upon the same grounds taken at the circuit. He cited *Brinckerhoff* v. *Remsen*, 8 *Paige*, 488, and *Remsen* v. *Brinckerhoff*, 26 *Wend*. 325. He also insisted that the testimony offered by the plaintiff was improperly excluded.

*P. Reynolds*, for the defendant, argued that the declarations of the witness Henry to Rutherford, the other witness, at the testator's bed side, and in his presence and hearing, were under the circumstances to be taken as though made by the testator himself; and that Henry having sworn affirmatively that the testator requested the other attesting witness to sign, the fact was to be so taken although that witness did not so understand it, or did not recollect it, and that these facts showed a substantial compliance with the statute.

PER CURIAM. The question as to the execution of this will depends upon the validity of the attestation of one of the witnesses. The statute requires that both should subscribe the will at the request of the testator. Henry swears that the testator

personally requested J. H. Rutherford to sign the will, but the latter declares that the testator said nothing whatever to him. The plaintiff offered to show by another person that when the will was attested the testator was silent. Perhaps the jury might have found, had there been no difficulty respecting the other requisites to the due execution of the will, that the sending for J. H. Rutherford to be a witness, by the testator, and the request made by Henry in the testator's presence was in effect a request by the testator, but the plaintiff had a right to establish the fact that there was no personal request made by the testator after J. H. Rutherford came into the room, so that it should depend wholly upon the constructive request, and then to have had the question submitted to the jury. For this cause alone the nonsuit must be set aside. But there are other difficulties in the case. The testator is required to declare in the presence of the attesting witnesses that the instrument is his last will and testament. If it should be conceded that such a declaration would be sufficient if made by another person in the testator's presence and hearing, the information should be distinct and unequivocal. Here both the witnesses testify that the words were that the paper was the testator's "will or agreement." This is too indefinite. Again, the testator must sign in the presence of both of the witnesses, or must acknowledge his signature in their presence. In this case, as to the witness Rutherford, he did neither, and this seems to be a fatal defect in the execution of the paper.(a)

Nonsuit set aside, and new trial granted.

(a) In *Chaffee* v. *The Baptist Missionary Convention,* 10 *Paige's R.* 85, where the testatrix's name, in the hand-writing of another person, had been subscribed to the will before the attesting witnesses were called in, but she distinctly declared to them both, that the paper was her last will and testament, it was notwithstanding held by the chancellor not to have been legally executed, for the want of its being signed by the testatrix, or having the testatrix's signature acknowledged by her *in their presence.*