W. F. Allen, J.
 

 The legislature have made four things essential to the proper execution and attestation of a will, and a want of conformity to any of the requisites will invalidate the instrument as a testament. They are, 1. A subscription by the testator at the end of the will; 2. The making of such subscription in the presence of each of the attesting witnesses, or an acknowledgment of the making of the same to them ; 3. A declaration by the testator, at the time of making or acknowledging the subscription, .that the instrument so subscribed is his last will and testament; and 4. Two attesting witnesses W'ho shall sign at the end of the will at the request of the testator. (2
 
 R. 8.
 
 63," § 40.)
 

 This statute is materially different from the former act upon the same subject, changing the law in some important particulars, and in others making that certain and positive which was before doubtful, or which rested solely on judicial interpretation. So also our statute differs essentially from the English statute of 1 Vic. ch. 26 ; the latter not requiring a publication of the will by the testator as a distinct act in the presence of the attesting witnesses. The adjudications of the courts of this state and of England are considered by the chancellor in
 
 Brinckerhoof
 
 v.
 
 Remsen,
 
 (8
 
 Paige,
 
 488,) and by the chief justice in the same case in error, (26
 
 Wend.
 
 325,) and the change which was wrought in the laws of this state by the revised statutes and the difference between the requirements of our own and the English statutes pointed out, which supersedes the necessity of a more particular reference to them at this time.
 

 
 *216
 
 The onus of showing a compliance with the statute devolves upon the party seeking to establish the will, but the formal execution and publication may be shown by persons other than the subscribing witnesses or inferred from circumstances as well as established by the direct and positive evidence of the attesting witnesses. It cannot however be -presumed in opposition to positive testimony, merely upon the ground that the attestation clause is in due form and states that all things were done which are required to be done to make the instrument valid as a will. Mere want of recollection on the part of the witnesses will not' invalidate the instrument, and in the cases cited by counsel the courts establishing the wills 'propounded have done so upon the ground that they were satisfied from the circumstances proved that the wills were duly executed, and that the witnesses had forgotten the facts ; thus relieving the parties interested against the infirmities of humanity and the uncertainty of human recollection. Such are the cases of
 
 Gove
 
 v.
 
 Garven,
 
 (3
 
 Curteis,
 
 151;)
 
 Gaze
 
 v.
 
 Gaze, (id.
 
 451;)
 
 Blake
 
 v.
 
 Knight, (id.
 
 547;)
 
 Cooper
 
 v.
 
 Bockett, (id.
 
 648.)
 
 See also Brinckerhoof
 
 v.
 
 Remsen,
 
 (supra;)
 
 Nelson
 
 v.
 
 McGiffert,
 
 (3
 
 Barb. Ch. R.
 
 158.) It is sufficient also if the compliance with the statute be substantial although not literal; the law looking to the substance of the transaction, and requiring only evidence that all the safeguards against improvidence and fraud, prescribed by statute, have been substantially observed, and disregarding the order of events taking place at the same time as parts of one transaction, and the particular words employed by the actors.
 
 (In re Warden,
 
 2
 
 Curteis,
 
 334;
 
 In re Thompson,
 
 4
 
 Thornton’s Notes,
 
 643.)
 

 It is objected against the instrument propounded as a udll in this case, 1. That the subscription was not made or acknowledged by the decedent, in the presence of the attesting witnesses; and 2. That it was not declared by him at the time to be his last will and testament. The surrogate, with all the benefits of a personal examination of the witnesses, became satisfied that the instrument was not subscribed'in their presence, and that the subscription was not acknowledged to them
 
 *217
 
 by the alleged testator, as required by statute; and unless the evidence is quite clear and satisfactory to the contrary, we ought not to disturb his adjudication upon this question of fact. One of the witnesses.professes to relate all that transpired upon the occasion of the execution of the paper, and the other has no recollection of the circumstances, except that he was called in and signed his name to the instrument at the request of Lewis, the deceased. He was present with the first named witness and signed the paper upon the same occasion, but states no circumstance tending to discredit the testimony of his co-witness or to raise a presumption that he does not state fully all that took place at that time.
 

 The evidence wavvanf.K the conclusion that, the instrument was not subscribed by the decedent in the presence of the witnesses ; that the paper was so folded that the witnesses did not see the subscription, and that the only declaration or acknowledgment of the party was in substance, “ I declare the within to be my free will and deed.” Could that aid the parties claiming under the paper as testamentary, it might probably be inferred that the deceased at the time of requesting the witnesses to subscribe as such, had himself signed the instrument and intended to comply with the statute and make a valid will. But that is not sufficient. The formalities prescribed by statute must be observed, and the attesting witnesses must be informed at the' time and by the testator, or in his presence and with his assent, and have a knowledge of all the facts necessary to a due execution and publication of the will, and to which they are called to attest. If the party does not subscribe in their presence, then the signature must be shown to them and identified and recognized by the party, and in some apt and proper manner acknowledged by him as his signature. The statute is explicit, and will not be satified with any thing short of a substantial compliance with its terms.
 

 In
 
 Chaffee
 
 v.
 
 The Baptist Missionary
 
 Society, (10
 
 Paige
 
 85,) the testatrix, who had subscribed the will by making her mark, but not in the presence of the attesting witnesses, after-
 
 *218
 
 wards, and in their presence, placed her finger on her name, and said, “ I acknowledge this to be my last will and testament.” It was held that the will was not duly executed, and I think the' decision right. The statute contemplates the subscription or the acknowledgment thereof in the presence of the witnesses, and a publication of the instrument’ as a will, as two distinct acts, and both are necessary to its due
 
 execution;
 
 and being-explicit and clear in terms, courts are not authorized to vary it by construction or to make the one act stand for both. Upon this branch of the statute it is the subscription, not the will, which is to be acknowledged.
 
 Holt
 
 v.
 
 George,
 
 (3
 
 Curteis,
 
 160; S.
 
 C.
 
 4
 
 Moore, Privy Council Cases,
 
 266,) was in circumstances very like this case. The deceased requested two persons to
 
 “
 
 sign a paper for him,” which they did in his presence. The paper was so folded that they did not see any writing whatever on it, and no explanation of the nature of the instrument was made to them. It was held by the prerogative court and by the privy council in affirmance of the decree of that court, that there was no acknowledgment, express or implied, of the signature in the presence of the witnesses. A signature neither seen, identified or in any manner referred to as a separate and distinct thing, cannot in any just sense be said to be acknowledged by a reference - to the entire instrument by name, to which the signature may or may not be at the time subscribed. The will was not .subscribed in the presence of. the witnesses, neither was the subscription acknowledged by the testator, and the execution was in this respe,ct defective.
 

 The second objection to the probate is also well taken.' To satisfy the statute the testator must in some manner communicate to the attesting witnesses at the time they are called to sign as witnesses, the information that the instrument then present is of a testamentary character, and that he then recognizes it as his will and intends to give it effect as such. It must be declared to be his last will and testament by some assertion or some clear assent in words or signs, and the declaration, must be unequivocal.
 
 (Brinkerhoof v. Remsen, supra; Ruther
 
 
 *219
 

 ford
 
 v.
 
 Rutherford)
 
 1
 
 Denio,
 
 33.) The policy and object of the statute require this, and nothing short of this will prevent the mischief and fraud which were designed to be reached by it. It will not suffice that the witnesses have elsewhere and from other sources learned that the document which they are called to attest is a will, or that they suspect or infer from the circumstances and occasion that such is the character of the paper. The fact must in some manner, although no particular form of words is required, be declared by the testator in their presence, that they may not only know the fact, but that they may know it from him, and that he understands it, and at the time of its execution, which includes publication, designs to give effect to it as his will, and to this, among other things, they are required by statute to attest. Every fact is important in view of the position of the attesting witnesses. They should be satisfied that the instrument is in truth Lhe last will and testament of the party, and is executed and published as such, and that he is of sound and disposing mind and memory, and in all respects competent to perform the act." The law simply prescribes those forms which it was supposed were best calculated to enable the witnesses to fulfil their office and attest the due execution of the will. The declaration that the instrument was his free will and deed, was equivocal, and would be satisfied by a deed executed voluntarily. It did not necessarily inform the witnesses that it was a will by excluding every other instrument from the mind. From the expression they could not know that the testator did not suppose the instrument was a deed. It is a very common form of acknowledgment of the execution of a deed to acknowledge it as the “ free act and deed” of. the party, and the expression of the decedent varied but little from this form.
 

 It is not probable that any wrong would be done in this case to the parties or to the intentions of the deceased to give effect to this document as a will, and although we may regret that the provisions which he designed to make for his family, and doubtless supposed he had made, must fail for the want of the pre
 
 *220
 
 scribed formalities, the statute is quite too explicit to authorize a departure from its terms; aud although it may operate -with apparent harshness in this case, it is a beneficent and wise statute, and the public interests will be best subserved by a strict adherence to its provisions.
 

 The judgment of the supreme court affirming the decree of the surrogate must be affirmed with costs.
 

 Judgment affirmed.