ZENAS W. MITCHELL, APPELLANT, *v.* CHARLES H. MITCHELL AND OTHERS, RESPONDENTS.

*Will — what not a sufficient signing, to satisfy the statute.*

The deceased came into a store where two persons were, produced a paper and said: "I have a paper that I want you to sign." One of the persons took the paper and saw what it was and the signature of the deceased. The testator then said: "This is my will; I want you to witness it." Both persons thereupon signed the paper as witnesses under the attestation clause. The deceased then took the paper and said, "I declare this to be my last will and testament," and delivered it to one of the witnesses for safe keeping. At the time when this took place, the paper had the name of the deceased at the end thereof.

*Held,* that there was no sufficient signing of the will by the deceased in the presence of the witnesses, nor a sufficient acknowledgment to them that he had done so, to satisfy the requirement of the statute, and that the paper was not entitled to be admitted to probate.

*Baskin* v. *Baskin* (36 N. Y., 416), distinguished.

APPEAL from an order made by the surrogate of Saratoga county, admitting to probate the will of Titus M. Mitchell, deceased.

*W. B. French*, for the appellant.

*L'Amoreaux, Dake & Whalen*, for the respondents. The will was properly executed as a will of real and personal estate. (*Willis* v. *Mott*, 36 N. Y., 486, 496, 497; *Jauncey* v. *Thorn*, 2 Barb. Ch. R., 40; *Gilbert* v. *Knox*, 52 N. Y., 125, 129; affirming *Baskin* v. *Baskin*, 36 id., 416; *Matter of Will of John Kellum*, 52 id. 517; *Kinne* v. *Kinne*, 2 N. Y. S. C., 391; *Hoysradt* v. *Kingman*, 22 N. Y., 372; *Robinson* v. *Smith*, 13 Abb., 359; Redfield on Wills, 210, 215, note; *Thompson* v. *Seastedt*, 6 N. Y. S. C., 78, 80.) The will being in due form and properly attested on its face, and having been drawn by one who was accustomed to drawing and executing wills, authorized the surrogate to find the due execution of it. A substantial compliance with the statute is sufficient. (*Matter of Kellum*, 52 N. Y., 519; *Thompson* v. *Seastedt*, 6 N. Y. S. C., 80; *Trustees of Auburn Seminary* v. *Calhouse*, 25 N. Y., 425; *Belding* v. *Leichardt*, 56 id., 680; *Sisters of Charity* v. *Kelly*, 67 id., 414; *Kinne* v. *Kinne*, 2 N. Y. S. C., 391; *Ossar* v. *Ossar*, 24 N. Y., 53; *Brinckerhoff* v. *Brinckerhoff*, 8 Paige, 488; *Rieben* v. *Hicks*, 3 Bradf. S. R., 353.) The will was properly published. (*Coffin* v. *Coffin*, 23 N. Y., 15; *Lewis* v. *Lewis*, 11 id., 227: *Brinckerhoff* v. *Brinckerhoff*, 8 Paige, 488.)

LEARNED, P. J.:

The deceased came into the store where the two witnesses were and handed out a paper, and said: "I have a paper that I want you to sign." One of them took the paper and partly opened it, and saw what it was. The witness probably, from his testimony, saw the signature. The testator said, "this is my will; I want you to witness it." Then the two witnesses signed the paper under the attestation clause. It does not apper that the other witness saw the testator's signature. The testator then took the paper and said, "I declare this to be my last will and testament,"

and delivered it to one of the witnesses for safe keeping. At the, time of this transaction the paper had the name of the deceased at the end of the paper. But the witnesses did not see him sign, nor was there any acknowledgment by him of his signature in their presence, unless the facts above stated are such acknowledgment.

The statute provides a simple mode of executing wills. It provides certain definite safeguards, which are intended to protect both the testator and his heirs and next of kin. The distribution of the property of the deceased person by law is so· equitable, that courts should not attempt to break down these safeguards in order to establish a paper which lacks any of them.

There are four separate clauses in the statute, each of which has its own distinct object. One should not be confused with the other. The second clause is, that the subscription of the testator shall be made in the presence of each of the attesting witnesses. The principal object of this is, that the witnesses may be able to say, from positive knowledge, that the subscription was made by the testator. This is, of course, a matter entirely distinct from their knowledge of the *nature of the instrument.* Then, inasmuch as a testator might sometimes have subscribed the instrument out of their presence, the clause adds: "Or shall be acknowledged by him to have been so made to each of the subscribing witnesses." That is, the testator must acknowledge that that which purports to be his subscription was in fact made by him. This, too, is quite distinct from the testator's declaration of the nature of the instrument, which is necessary in either case. Now one defect in this case is obvious. It does not appear that Hawkes, one of the witnesses, saw the testator's signature, and therefore it cannot be said that the testator acknowledged that signature to him. Acknowledgment of the signature must include the same *identification of the written words* as necessarily exists when the witnesses see the testator write.

But again, the signature was not acknowledged to either of the witnesses. If we suppose for a moment that there was no such clause in the statute as the one under consideration, then the testator would, in order to comply with the other clauses, have been obliged to do all that he in fact did. That is, to comply with the

· other clauses of the statute he would have had to sign the will; to request two persons to witness it; to declare (or acknowledge) to them that the instrument was his last will and testament. All these things he did. But there is in fact one more clause in the statute. Either that clause means nothing, or else it requires something which is not required by the other clauses. It certainly is not meaningless; and we have seen that all which this testator did was required by the other clauses of the statute. Hence it follows that he did not do the acts required by the clause in question.

And such is the fact. He never acknowledged or stated to either of them that the subscription which appears at the end of the paper was made by him. He did, it is true, declare that the whole instrument was his will. But that is not enough. It will be seen by the statute that such declaration is to be made at the time of making the subscription, or at the time of acknowledging the same. Clearly, then, the declaration is a thing distinct from the subscription, or from the equivalent thereof — the acknowledgment. Plainly, then, the declaration cannot include the acknowledgment.

This view is fully sustained by the latest decision of the Court of Appeals on this subject. (*Sisters of Charity* v. *Kelly*, 67 N. Y., 409.) The same rule is laid down in *Lewis* v. *Lewis* (11 N. Y., 220); in *Chaffee* v. *Missionary Society* (10 Paige, 85). It is the doctrine also of *Willis* v. *Mott* (36 N. Y., 486). For it will be seen in that case that there were three witnesses, one of whom was dead. The attestation clause was in proper form. One of the witnesses testified that the testator told him that he had signed it in the presence of Hegeman, the deceased witness. Thus there was evidence, by the attestation clause and by this testimony, of a subscription in presence of one of the witnesses, and of an acknowledgment to another of the actual making of the subscription. Thus the testator in that case complied with the provisions of the statute as it is construed above.

The case of *Baskin* v. *Baskin* (36 N. Y., 416) appears to be an exception to the course of decisions. It was decided by a divided court; and even in that case, the prevailing opinion says that the testator must verify the subscription of his name as

authentic. The opinion further says that there could be no more unequivocal acknowledgment of a signature than the presenting it (that is the signature) "to the witnesses for attestation and publishing the paper so subscribed as his will." Thus, that remark recognizes the two acts—one, the presenting of *the signature* to witnesses for attestation; the other, the *publication of the paper* as the will of the testator. And the opinion, in the case of *Sisters of Charity* v. *Kelly*, declares that the case of *Baskin* v. *Baskin* is not in conflict with the rule established by the cases cited above, which are approved in that opinion. And under the facts of the present case there was, at least as to one witness, no presenting of the signature to him for attestation, and no act done by the testator, which was more than the declaration that the instrument was his will.

The decree of the surrogate admitting the will to probate should be reversed and probate denied.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Decree reversed; probate denied; proceedings remitted to surrogate, with directions to deny probate. Taxable costs of proceedings before surrogate, and on appeal of both parties, to be allowed and to be paid out of the estate.