IN THE MATTER OF PROVING THE LAST WILL AND TESTAMENT OF EDWIN B. HUNT, DECEASED.

*Will — what proof as to its execution by the testator will justify its admission to probate.*

The deceased, a clerk in the employment of Sleight & Petty, drew his own will and had it signed by his employers as witnesses. It contained the following attestation clause: " We, the undersigned witnesses, have signed the within in the presence of each other and of the testator, who acknowledged it to be his last will and testament." The memory of the witnesses as to the particulars of the transaction was very imperfect, but both united in declaring that the facts stated in the attestation clause were true, or that they would not have signed it. *Held*, that the will should be admitted to probate.

That it seemed very certain that the signature of the testator was in full view of the witnesses, and that the fair inference was that he signed it in the presence of the witnesses.

*Lewis* v. *Lewis* (11 N. Y., 220) distinguished.

That if the will was signed before its attestation by the witnesses, the exhibition of the will, and of the testator's signature attached thereto, and his declaration to the witnesses that it was his last will and testament, and his request to the witnesses to attest the same, were a sufficient acknowledgment of the signature and publication of the will.

*Matter of Phillips* (98 N. Y., 267) followed.

APPEAL from a decree of the surrogate of Rockland county, refusing to admit to probate a paper purporting to be the last will and testament of Edwin B. Hunt, deceased.

*Daniel W. Guernsey* and *W. Farrington*, for the proponents, appellants.

*James Armstrong*, for Mary S. Baker, contestant, respondent.

BARNARD, P. J.:

Everything surrounding the execution of the will proposed for probate shows good faith and freedom from any evil influence whatever. The deceased was a clerk in Brooklyn, in the employment of Sleight & Petty. The will was drawn by the testator himself, and was witnessed by his employers. The attestation clause is not full, but is as follows: "We, the undersigned, witnesses, have signed the within, in the presence of each other and of the testator, who acknowledged it to be his last will and testament."

The memory of the witnesses is very imperfect of the particulars of the transaction, but both unite in the declaration that the facts stated in the attestation clause were true, or that they would not have signed it. The will was then produced before the witnesses, either signed or unsigned, and attested by the witnesses. If it was signed in the presence of the witnesses the attestation clause is sufficient.

The learned surrogate puts his decision upon the fact that it was signed before the witnesses were asked to attest it, and then rejects the will on the authority of *Lewis* v. *Lewis* (11 N. Y., 220). It is true that the statute either requires that the signature be made in the presence of the witnesses, or that it be acknowledged. The acts are separate and distinct, and a failure in either will call for a rejection of the will. In the case of *Lewis* v. *Lewis* the paper was so folded as that the witnesses could not see the signature, and the publication was "I declare the within to be my will and deed."

It seems very certain in this case that the signature of the testator was in full view of the witnesses, and the fair inference is that he signed it in the presence of the witnesses. The attestation clause is entirely consistent with its execution in the presence of the witnesses. If the will was signed before its attestation by the witnesses the will should be admitted to probate. "The exhibition of the will and of the testator's signature attached thereto, and his declaration to the witnesses that it was his last will and testament, and his request to the witnesses to attest the same, were, we think, a sufficient acknowledgment of the signature and publication of the will." (*Matter of Phillips*, 98 N. Y., 267.) The same court, in *Matter of Higgins* (94 N. Y., 554), express the same opinion

in respect to the testimony of one of the subscribing witnesses to the will.

The decree rejecting the will should be reversed and the record remitted to the Surrogate's Court, with direction to admit the will to probate. Costs to appellants out of the estate.

PRATT, J., concurred.

Decree of surrogate reversed and proceedings remitted to surrogate to admit will to probate, with costs to the appellants out of the estate.