DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## June, 1887.

---

IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF POTTER AUSTIN, DECEASED.

*Will—what evidence is sufficient to prove an acknowledgment of his signature, by the deceased, to the subscribing witnesses.*

Upon an appeal from a decree of a surrogate refusing probate of an instrument propounded as a will, upon the ground that it was not proved that the deceased acknowledged to each of the witnesses that the signature was made by him, it appeared that the subscribing witnesses agreed in saying that they went to the house of the decedent, having been called in to witness his will; that the paper was then lying on the table, and the decedent, on being asked if that was his last will and testament, said yes; that the witnesses, in his presence and in the presence of each other, subscribed an attestation clause, which recited the execution of all the formalities required by the statute; that nothing was said, while they were in the room with the decedent, in reference to the execution of the will except as above stated. There was no express testimony that the signature of the decedent was affixed to the paper before the witnesses subscribed it, they not saying it was not so affixed, and one of them testifying that the deceased did not sign the will after they got there. The will was written on a printed blank by an attorney in accordance with the instructions of the deceased, and an inspection of the will by the court on the argument showed that the signature of the deceased was very prominent and plain to be seen; also, that the witnesses had written their places of residence after their signatures, there being no evidence that they were advised of the necessity of doing so except from reading the attestation clause.

*Held*, that the decree should be reversed, as the evidence was sufficient to prove that the testator acknowledged to the subscribing witnesses that the signature was his.

*Baskin* v. *Baskin* (36 N. Y.,416); *Matter of Higgins* (94 id., 554); *Matter of Will of Phillips* (98 id., 267); *Matter of Will of Hunt* (42 Hun, 434) followed; *Mitchell* v. *Mitchell* (16 Hun,97; affirmed, 77 N. Y., 596), *Rutherford* v. *Rutherford* (1 Den., 33) and *Lewis* v. *Lewis* (11 N. Y., 220) distinguished.

APPEAL by Granger Griswold, proponent, from a decree of the surrogate of Livingston county, refusing probate of an instrument propounded as the will of Potter Austin, deceased.

*James Wood*, for Granger Griswold, executor and proponent appellant.

*E. W. Packard*, for contestants and respondents.

SMITH, P. J.:

The proof shows that the paper purporting to be the will of the deceased was signed by him, but the signature was not made in the presence of the subscribing witnesses, and it appears that the surrogate refused probate upon the ground that there is not satisfactory evidence that the deceased acknowledged to each of the attesting witnesses that the signature was made by him. The only question presented by the appeal is whether he was right in that conclusion.

The subscribing witnesses agree in the statement that they went to the house of the decedent, having been called in to witness his will; that the paper was then lying on the table, and the decedent on being asked if that was his last will and testament, said "yes;" and that the witnesses then subscribed as witnesses in his presence and in the presence of each other. They subscribed an attestation clause, which recited the execution of all the formalities required by the statute. The witnesses also agree in the statement that nothing was said, while they were in the room with the deceased, in reference to the execution of the will except as above stated. The will was written on a printed blank by Mr. Wood, the proponent's counsel, who testified that he drew it according to instructions communicated to him by the person named in the will as executor, and which such person testified was given to him by the deceased.

An inspection of the will, which was produced before us on the argument, showed that the signature of the deceased was very

prominent and plain to be seen. The witnesses wrote their places of residence after their signatures, and there is no evidence that they were advised of the necessity of doing so except from reading the attestation clause, and they both testified that the deceased appeared at the time to be of sound mind and to understand what he was doing. There is no express testimony that the signature of the deceased was affixed to the paper before the witnesses subscribed; the subscribing witnesses do not say it was not, and one of them testified that he knew the deceased did not sign the will after they got there. In view of all the testimony, it may be assumed that the signature of the decedent preceded that of the witnesses, nothing appearing to the contrary.

Here then, was a paper, purporting to be the last will of the decedent, drawn in pursuance of his directions, attempted to be executed by him while he was apparently of sound mind and understanding, duly subscribed by him, and acknowledged by him to be his last will in the presence of witnesses who attended and subscribed it as his request and in his presence, signing a full attestation clause. Must the will fail by reason of the lack of a formal acknowledgment by the testator to the witnesses that the signature was his, such signature not having been made in their presence?

It is undoubtedly true that the several requisites prescribed by the statute must be complied with substantially, in order to constitute the due execution of a will. The object of those requirements is to guard against imposition and mistake, but no formula of words is prescribed by the statute to be repeated by the testator So far as the acknowledgment by the testator of his signature is concerned, if the signature is in fact his, if it is appended to the paper before the witnesses sign, if, the paper and the signature being before the witnesses in plain sight, the testator addresses them in words which are calculated and intended by him to give them to understand that the signature is his and are so understood by them, those facts would seem to amount to an acknowledgment of the genuineness of the signature, within the meaning of the statute.

*Baskin* v. *Baskin* (36 N. Y., 416) is an authority in point. There the testator produced a paper bearing his personal signature, requested the witnesses to attest it and declared it to be his last will

and testament. It was held that he thereby acknowledged the subscription, within the meaning of the statute. Said PORTER, J., delivering the opinion of the court: "It is enough that he verifies the subscription as authentic, without reference · to the form in which the acknowledgment is made, and there could be no more unequivocal acknowledgment of a signature thus affixed than presenting it to the witnesses for attestation, and publishing the paper so subscribed as his will." (P. 419.)

In the *Matter of the Will of Higgins*, one of the subscribing witnesses swore to the due execution of the will, but another witness, Jones, was not able to recollect that the testator acknowledged the signature to be his. On that point the court said : " We think that the testimony of Jones, who swore positively that the testator acknowledged the will to be his last will and testament, was an acknowledgment of his signature, and sufficient, with the other evidence given by him, to establish a due execution of the will. The signature was plainly visible upon the instrument itself, and the testator having requested Jones and Stoker to subscribe their names to it as witnesses, and he having acknowledged the same to be his last will and testament, the statute was fully complied with in this respect within the decisions of this court." (94 N. Y., 554, 557.)

To the same effect is the *Matter of Will of Phillips* (98 N. Y., 267), Mr. Justice RAPALLO delivered the opinion of the court. Speaking of the case as made by the testimony of one of the subscribing witnesses, he said : " The exhibition of the will and of the testator's signature attached thereto, and his declaration to the witness that it was his last will and testament, and his request to the witness to attest the same, were, we think, a sufficient acknowledgment of the signature and publication of the will." (P. 273.) The case last cited was followed by the General Term of this court in the second department, in the *Matter of the Will of Hunt* (42 Hun, 434) the learned surrogate relied upon the cases of *Mitchell* v. *Mitchell* (16 Hun, 97; S. C., affirmed, 77 N. Y., 596); *Rutherford* v. *Rutherford* (1 Den., 33) and *Lewis* v. *Lewis* (11 N. Y., 220).

In the case of Mitchell, there are some remarks in the opinion delivered at General Term, which seem to sustain the decision of

the surrogate. But one fact was commented on in that case which distinguishes it from this, namely, that one of the subscribing witnesses did not see the testator's signature The case was affirmed in the Court of Appeals by a bare majority, RAPALLO, J., writing a dissenting opinion, in which two of his associates concurred. In *Rutherford* v. *Rutherford*, the only declaration as to the nature of the paper, was that it was the testator's "will or agreement," which was held to be too indefinite; and as to one of the subscribing witnesses the testator neither signed nor acknowledged the signature in his presence. In *Lewis* v. *Lewis* the will was so folded, when the witnesses signed, that they could not see whether it was subscribed by the testator or not, and the only acknowledgment made to them by the testator was, "I declare the within to be my will and deed." It was held not to be a sufficient acknowledgment by the testator, either of his subscription, or that the instrument was his will. We think the cases cited by the surrogate are fairly distinguishable from the case in hand, and that the later cases already referred to control, and require a reversal of the decree. All that we decide is that, in view of all the testimony, there was sufficient evidence that the testator acknowledged to the subscribing witnesses the signature to be his, and that the *factum* of the will was established. If there are any other questions in the case they are still open.

The decree should be reversed and the proceedings remitted to the surrogate's court. The costs of this appeal to abide the event; if awarded against the proponent, to be payable out of the estate, if in his favor, to be payable out of the estate or by the contestants, as the surrogate shall direct. (Code, § 2589.)

HAIGHT and BRADLEY, JJ., concurred.

So ordered.