IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF ELLEN VAN GEISON, DECEASED.

*Will — probate refused in this case because of a failure to prove that the deceased subscribed her name or acknowledged to witnesses that she had done so.*

Upon an appeal from a decree of a surrogate refusing to admit a will to probate, it appeared that the instrument offered as the last will and testament of the deceased, who died at the age of eighty-five years, was in the handwriting of V. M. Smith an attorney, and that her name at the end of the will, with the words "Her

mark," was also in his handwriting. The attestation clause at the end of the will was in the usual form, signed by L. S. Wolcott and the said Smith.

Upon the hearing before the surrogate evidence was given showing the death of Smith, and that his name, as written as a witness, was in his handwriting. The other subscribing witness testified to his own signature; that the deceased told him it was her last will and testament, and that she told him how she had made it; that she did not tell him that she had signed it; that she never told him she signed it; that he did not see her sign it; that he knew he did not see her sign it.

*Held,* that the decree should be affirmed as the evidence was not sufficient to show that the deceased had subscribed the paper in the presence of the witness, or acknowledged it to have been so subscribed.

APPEAL from a decree of the Surrogate's Court of Monroe county, refusing to admit to probate the will of Ellen Van Geison, deceased.

*P. B. Hulett,* for the proponents, appellants.

*John Desmond,* for the contestants, respondents.

HAIGHT, J. :

Ellen Van Geison was a resident of the town of Parma, Monroe county, and died on the 19th day of January, 1887, at the age of eighty-five years. The instrument offered for probate as her last will and testament, is in the handwriting of Vincent M. Smith, an attorney of this court, who died prior to Mrs. Van Geison. Her name at the end of the will, with the words " her mark," is in the handwriting of V. M. Smith, whose name is signed as witness to her mark. The attestation clause at the end of the will is in the usual form, signed by Leman S. Wolcott and Vincent M. Smith. Upon the hearing before the surrogate, evidence was given of the death of Mr. Smith, and that his name, as written as the witness and to the attestation clause, was in his handwriting. Wolcott, the other subscribing witness, was sworn and testified to his own signature, that Mrs. Van Geison told him that it was her last will and testament, and that she told him how she had made it. But he further testified that she did not tell him that she signed it; that she never told him she signed it; that he did not see her sign it; that he knows he did not see her sign it. Upon this evidence the case was submitted to the surrogate, who refused to admit the instrument to probate as a will.

The statute provides that " every last will and testament of real or personal property, or both, shall be executed and attested in the

following manner : 1. It shall be subscribed by the testator at the end of the will. 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses. 3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his last will and testament. 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will at the request of the testator." (2 R. S., m. p. 63, part 2, chap. 6, tit. 1, art. 3, § 40.)

In order to admit a will to probate, each of these requirements must be satisfactorily proved by at least two of the subscribing witnesses, if so many are within the State and competent and able to testify. (Code of Civil Pro., § 2618.) If all of the subscribing witnesses are, or if any one is dead or incompetent to testify, etc., " the will may nevertheless be established, upon proof of the hand-writing of the testator and of the subscribing witnesses, and also of such other circumstances as would be sufficient to prove the will upon the trial of an action." (Sec. 2620.)

The circumstances under which a will may be proved upon the trial of an action, are provided for by section 1861 of the Code, none of which have any application to the case under consideration. It was therefore necessary in order to establish this will, that the signature of the testatrix should be proved. This could be done by any person who saw her make her mark, or by her acknowledgment that she had so executed the will to each of the subscribing witnesses. As we have seen, the only evidence upon this subject is the fact of her publication of the instrument by declaring it to be her last will and testament. The question is, therefore, is this a compliance with the statute as an acknowledgment of her subscription to the will ?

In the case of *Mitchell* v. *Mitchell* (16 Hun 97), the testator said to the witnesses " this is my will ; I want you to witness it." The witnesses thereupon signed the paper as witnesses, under the attestation clause. The deceased then took the paper and said : " I declare this to be my last will and testament." At the time when this took place, the paper had the name of the deceased at the end thereof. It was held that the will not having been signed in the

presence of the witnesses, there was not a sufficient acknowledgment to them that he had signed it, to satisfy the requirement of the statute, and that the paper was not entitled to be admitted to probate. This case was affirmed in the Court of Appeals (77 N. Y., 596).

In the case of *Lewis* v. *Lewis* (11 N. Y., 220), the testator called the subscribing witnesses into his private office, where he produced a paper which was folded in such a manner as only to allow space for them to write their names. He requested them to sign the same, and add their residence to their respective names. After they had done so, he said : " I declare the within to be my free will and deed." It was held that that was not a sufficient acknowledgment of the subscription to the will to entitle it to probate ; that the acknowledgment by the testator of the subscription and his declaration that it is his will, are independent requisites to its proper execution, and that it must be shown that each was complied with. (See, also, *The Sisters of Charity of St. Vincent de Paul* v. *Kelly*, 67 N. Y., 409 ; *Orser* v. *Orser*, 24 id., 51 ; *Baskin* v. *Baskin*, 36 id., 416, 419 ; *The Probate of the Paper propounded as Edward Walsh's Will*, 1 Tucker, 132.) *In the Matter of the will of Potter Austin, deceased* (45 Hun, 1), there was proof that the will was signed by the deceased.

Under these authorities it appears that the publication of the will is not a sufficient compliance with the requirement of the statute ; that it must be subscribed in the presence of the witnesses, or acknowledged to have been so subscribed to them; and in the absence of evidence of the handwriting of the testator, the instrument is not entitled to probate.

It follows that the decree of the surrogate should be affirmed, but without costs, of this appeal to either party.

BARKER, P. J., and BRADLEY, J., concurred.

Decree affirmed without costs of this appeal to either par