INGRAHAM, J.
-—The appellant objected to the admission of the will of this testator to probate, on the ground that his subscription at the end of the will was not made by the testator in the presence of each of the attesting witnesses, nor acknowledged by him to have been so made to each of such witnesses; and the surrogate having overruled that objection, and admitted the will to probate, the appellant has appealed to this court.
The Revised Statutes (volume 2, p. 63, § 40) imperatively require the subscription to the will by the testator to be made in the presence of each of the attesting witnesses, or that such subscription shall be acknowledged by the testator to have been made by him to each of such witnesses; and no will can be admitted to probate unless there is satisfactory evidence before the surrogate that this provision of the statute has been complied with. The Code of Civil Procedure (section 2618) provides ' that, before a written will is admitted to probate, two, at least, of the subscribing witnesses, must be produced and examined, *1086 if so many are within the state, and competent and able to testify; but by section 2620 of the Code it is provided that if. the subscribing witnesses to a written will are dead, or incompetent, by reason of lunacy or otherwise, to testify, or unable to testify, or if such subscribing witness is absent from the state, or has forgotten the occurrence, or testifies against the execution of the will, the will may, -nevertheless, be established upon proof of the handwriting of the testator, and of the subscribing witnesses, and also of such other circumstances as would be sufficient to prove the will upon the trial of the action. These provisions, taken together, would require that the subscription made in the presence of each of the witnesses, or the acknowledgment by the testator to each of the witnesses, that the superscription was his, must be proved either by the subscribing witnesses, or by the proof of handwriting and of such circumstances as would be sufficient to prove that the will had been subscribed by the testator at the end thereof prior to the time that the attesting witnesses signed it, and that such subscription was made by the testator in the presence of the witnesses, or that he expressly acknowledged a particular subscription to be his subscription to the will. This must be established, as to two witnesses, by evidence of such circumstances as would be sufficient to prove the fact of such subscription, either in the presence of the witnesses, or if not that, then an acknowledgment of such subscription to the subscribing witnesses by the testator.
In Re Mackay’s Will, 110 N. Y. 614, 18 S. R. 558, it was held that the “ subscribing witnesses to a will are required by law, for the purpose of attesting and identifying the signature of the testator, and that they cannot do unless at the time of the attestation they see it ” ; that “ the formalities prescribed by the statute are safeguards thrown around the testator to prevent fraud and imposition. To this end, the witnesses should either see the testator subscribe his name, or he should, the signature being yisible to him and to them, acknowledge it to be his signature ; otherwise, imposition might be possible, and sometimes the purpose of the statute might be frustrated.” In Lewis v. Lewis, 11 N. Y. 220, where the acknowledgment or declaration made by the testator to the witnesses, or in their presence, as to the instrument, was, “ I declare the within to be my free will and deed,” it was held not a sufficient acknowledgment of his subscription to the witnesses, within the statute; Allen, J., writing the opinion, saying: “ A signature neither seen, identified, nor in any manner referred to as a separate and distinct thing cannot in any just sense be said to be acknowledged by a reference to the entire instrument by name, to which the signature, may or may not be at the time subscribed.” And in Re Laudy’s Will, 148 N. Y. 404, the same principle was applied.
The surrogate has admitted the will to probate, and the first question that we have to determine is whether there is any *1087 evidence upon which the finding could be based that the testator either subscribed his name in the presence of two witnesses, or acknowledged it to two witnesses at the end of the will to be his signature. In Re Laudy’s Will, supra, there were two witnesses to the will, Dr. Porter and Mrs. Edwards. The testimony of Dr. Porter tended to show that the signature of the testatrix was upon the instrument at the time it was presented to him for his signature, and that she then stated that she had signed it. The testimony of Mrs. Edwards was to the effect that, at the time the paper was presented to her for her signature, it was so folded that she saw only the signature of Dr. Porter, and that she recalled no expression on the part of the testatrix in which the testatrix stated that she had signed the instrument. The attestation clause upon this will was substantially the same as that to the will in question, and the court of appeals, affirming the order of the general term which reversed a decree of the surrogate refusing to probate this will, held that the testimony of' Mrs. Edwards was insufficient to authorize the admission of the will to probate; that there should be a new trial, as upon this evidence a question of fact was presented which involved the credibility of the witnesses; and that the difference between Dr. Porter’s and Mrs. Edwards’ testimony as to the exhibition of the testatrix’s signature and her alleged declaration with reference thereto, together with the inferences to be drawn from the surrounding circumstances, required the submission of the question to a jury,—thus applying the provisions of section 2620 of the Code, that, where one of the subscribing witnesses testifies against the execution of the will, or, in other words, testifies to facts which would prevent the probate of the will, the will may, nevertheless, be established upon proof of the handwriting by the testator and thp subscribing witnesses, and also such other circumstances as Avould be sufficient to prove the will upon the trial.
Keeping in mind this principle,we may examine the testimony of the two surviving Avitnesses to the will, the third Avitness having died before the testator. The íavo surviving Avitnesses Avere Mr. Skinner and Mr. Guy. Mr. Skinner, the first Avitness examined, testified that he first saw the Avill upon the day of its date; that one morning, upon visiting the studio of Mr. Guy, the other subscribing witness, the testator came in, and said “ he Avould like our signatures to his will, Mr. Hubbard being also called on.” The” witness then stated that his impression Avas that he (the testator) “ produced this paper, stating that it was his Avill, and asked us to sign it. we then signed it. 1 signed it, and I think the others did. We all three signed it together. On examining the paper, I see upon it the signature of Mr. De Haas. I cannot swear that the signature was there at the time I witnessed the paper. Whether he put it there in ■our presence I am not quite sure, but it Avas there before Ave left the room. I do not now recall any Avords that were used, the substance of them, was simply that it Avas his will, and he *1088 wanted our signature to it.”. It is quite clear that this is in- - sufficient to establish either the signing of the will in the pres- • ence of Hr. Skinner, or an acknowledgment by the testator to • Hr. Skinner of a signature purporting to be that of the testator ■ as his (the testator’s) signature. The witness states again and again that he was testifying only as to impressions. While the attestation clause states that the testator signed the instrument in the presence of the witnesses, it does not appear on the testimony of Hr. Skinner that that statement of the attestation clause was true, and that the testator did subscribe the will in the presence of Hr. Skinner. In fact, the testimony of the • witness seems to be that all there was said to him was that the testator said he would like the witness to witness his will, and that, when he made that remark, he had a paper in his hand, upon which the witness subsequently wrote his name. The other subscribing witness swore that the testator brought the paper to his room, and asked him to sign his will, and that he ■ signed it, with the others; that Hr. Skinner and Hr. Hubbard were in his (the witness’) room at the time; and that the testator read the attestation clause to the witness before he was requested to sign as a witness. The witness further testified that • he had no recollection of seeing the testator sign the will; that • he (the testator) read the attestation clause, but did not read the rest of the will, and he held the will “ somehow in this - way,”—in a way in which there was scarcely anything to be seen; held it folded down something like that (indicating); that - he (the witness) saw nothing of the body of the will, and knew nothing of its contents; that he saw only the attestation clause, the place where he was to sign, and the signatures of the witnesses that were there. The ■ witness does not recall whether • he saw the paper signed or not. He says that nothing more was said by rae testator when he handed the paper to the witness, requesting- his signature, “ than that it was his will, and he asked me if I would sign it, and I supposed that was all that was necessary,—my signature as a proof.” It was in evidence that the other subscribing witness, Hr. Hubbard, was dead, but no effort was made to prove his signature.
We think this evidence was insufficient to prove that the ■ testator subscribed this will in the presence of either of the two witnesses who were examined, or had acknowledged to either of them that a particular subscription or signature was his signature. The statute requires either a signature in the presence of the witnesses (of which there is no evidence), or an acknowledgment by the testator of a signature which was • exhibited to the witness as his signature to the instrument. There is no evidence that any signature purporting to be a signature or subscription of the testator was ever shown to either of the two witnesses examined; and thus the fact of such subscription in the presence of two witnesses, or an acknowledgment of a subscription to two witnesses by the ■■ testator, is unproved. The attestation clause, as it stands, . *1089 that the will was signed by the testator in the presence of the three subscribing witnesses, and proof of the death of one witness and of Iris signature to the attestation clause would be sufficient proof, within the section of the Code before cited, that the testator signed the will in the presence of one witness. Such proof was not offered as to the handwriting of such subscribing witness. But, to justify the decree in admitting the will to probate, there must be the evidence as to the fact of such subscription in his presence, or an acknowledgment to him of a subscription exhibited to him as the signature of the testator. The evidence does not show that there was a subscription to the will by the testator in the presence of the other two witnesses, thus showing that the attestation clause in that respect was false. The evidence does not show that the testator acknowledged to the two witnesses his signature to the instrument, or stated to them that he had signed the paper, or that a writing that he exhibited was his signature to the paper. And thus applying the principle in the case of Lewis v. Lewis, supra, that “ a signature neither seen, identified, nor in any manner referred to as a separate and distinct thing cannot, in any just sense, be said to be acknowledged by a reference to the entire instrument - by name, to which the signature may or may not be at the time subscribed,” it seems that the evidence did not justify the admission of this will to probate.
We think, therefore, the decree of the surrogate should be reversed, and sent to the trial court of the supreme court, to be tried before a jury, with costs to the contestant to abide the result.
YAH BRUHT, P. J., and PATTERSOH, J., concur.