(27 Misc. Rep. 355.)

## In re DILPRAT'S WILL.

(Surrogate's Court, New York County. May, 1899.)

WILLS—EXECUTION—PUBLICATION.

The probate of a will will be refused where the only subscribing witness who could be found testified that testator requested her to sign the instrument as a witness, without declaring it to be his will, and conversed with the other witness in a language which witness could not understand, and a person present at the time of the execution of the will testified that the witnesses were not informed that the instrument was a will, though the attestation clause recites that testator did declare the instrument to be his last will.

Petition to probate the alleged last will and testament of Frances Morris Delprat, deceased. Denied.

Joseph F. Hover, for proponent.

Coudert Bros., for legatees.

Maginnis & Blackwell, for contestants.

Gilbert W. Minor, special guardian.

FITZGERALD, S. The instrument offered for probate purports to have been subscribed by the decedent, and signed by two witnesses. There is a full attestation clause. One of the subscribing witnesses cannot be found. The other, a French woman, was examined by commission, and testified that the decedent subscribed the will in the presence of both witnesses, and requested her to sign the "instrument" as a witness; that she so signed, and that she saw the other witness sign. She testified positively that the decedent did not declare that the instrument was her will, at least not in the French language, and that the witness did not understand the English language, in which the decedent conversed with the other subscribing witness. The husband testified that he was present at the time of execution, and heard all that was said by the decedent to the subscribing witnesses; that he asked the missing witness to sign the instrument, and that neither the decedent nor he informed the witnesses that the instrument was her will. The only evidence of a declaration by the decedent is a statement to that effect in the attestation clause. When supported by other proof, the attestation clause becomes very important, and upon such combined evidence wills have been sustained where the witnesses failed to recollect what took place at the time of execution, and even where they testified that the acts required by the statute had not been performed. The formal proof may not, however, be presumed from the attestation clause alone and against positive credible testimony. Woolley v. Woolley, 95 N. Y. 231; Lewis v. Lewis, 11 N. Y. 220. The decedent requested the witness to sign the "instrument." The description of the paper by the witness as a "will or agreement," or as an "instrument in writing," is insufficient. Rutherford v. Rutherford, 1 Denio, 33; Wilson v. Hetterick, 2 Bradf. Sur. 427. It must be made to appear unequivocally that the testamentary character of the instrument was communicated by the testator to the witnesses. Lewis v. Lewis, 11 N. Y. 220; Ex parte Beers, 2 Bradf. Sur. 163.

Probate denied.