### In re BRYANT'S ESTATE.

#### (Surrogates' Court, New York County. July 25, 1914.)

WILLS (§ 119*)—SUFFICIENCY—SUBSCRIPTION.

Under the statute of wills (Consol. Laws, c. 13), § 21, requiring proof of the testator's subscription in the presence of each of the two attesting witnesses, or of his acknowledgment of such subscription, and also of the testator's declaration that the instrument so subscribed is his last will, where a testatrix did not inform one of the two attesting witnesses that the instrument which she attested was a will, there is no sufficient compliance with the statute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 305–313; Dec. Dig. § 119.*]

In the matter of the probate of a paper purporting to be the will of Mary S. M. Bryant. Probate denied.

Almy, Van Gordon, Evans & Kelly, of New York City (William S. Evans, of New York City, of counsel), for proponent.

James H. Hickey, of New York City, for contestant Bryant.

FOWLER, S. The only question here is the sufficiency of the execution of the paper propounded. The statute of wills requires proof of testator's subscription in the presence of each of two attesting witnesses or of testator's acknowledgment of such subscription to each of such witnesses, and also of testator's declaration that the instrument so subscribed is his last will and testament. The only point of law in this contested proceeding concerns the sufficiency of the proof of the declaration by testatrix. I may observe that no lawyer was present at the execution, and there is no certificate of attestation attached to this propounded will on which to found a presumption of regularity of execution. The declaration required by the present statute is something more than publication, which at common law might be presumed wholly from circumstances. The declaration required by the present statute of wills, while often termed "publication" in legal parlance, is required to be made out with more particularity than the former act of publication known to the older law. Matter of Moore, 109 App. Div. 764, 96 N. Y. Supp. 729. Such declaration has become, indeed, the supreme evidence of animus testandi under our present statute of wills. Doubtless the statutory declaration may be made out in divers ways, and even constructively, but it must be made out in substance in some way, even when the testamentary paper is a holograph. Matter of Wilmerding, 75 Misc. Rep. 432, 135 N. Y. Supp. 516, and cases there cited. Here there is no sufficient, or any proof of an express declaration. Indeed, there is proof by the attesting witnesses themselves that there was no such express declaration to both attesting witnesses. Miss Koeller's testimony, standing apart, discloses that to her the testatrix said and did enough, taken altogether, to establish the will. It was unfortunately not all said in the presence of the other attesting wit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ness. What was said by testatrix at any time to or in the presence of Miss Severn, the second attesting witness, is insufficient to establish the will. There is no proof that testatrix ever at any time mentioned to Miss Severn that the paper which she was asked to sign by testatrix was a will. This case, therefore, differs from such cases as Matter of De Hart, 67 Misc. Rep. 13, 18, 122 N. Y. Supp. 220, where outside facts were taken notice of by relation to the act of execution. The evidence taken before me fails to show that testatrix ever declared to Miss Severn that the paper exhibited to Miss Severn by testatrix was a will. This is fatal to probate. Hunt v. Mootrie, 3 Bradf. Sur. 322; Matter of Delprat, 27 Misc. Rep. 355, 58 N. Y. Supp. 768; Rutherford v. Rutherford, 1 Denio, 33, 43 Am. Dec. 644; Kingsley v. Blanchard, 66 Barb. 317. The facts attempted to be injected into the act of execution by relation of circumstances dehors the celebration itself are insufficient to supply the missing proof. The probate of the paper propounded must, I regret to say, be refused, because of a noncompliance with the statute of wills. Settle decree accordingly.