In the Matter of the Estate of NELLIE KILDUFF, Deceased.

Surrogate's Court, Kings County, May 20, 1935.

*Charles E. Hawkins* [*Thomas H. Rothwell* of counsel], for the proponents.

*Benjamin T. Hock,* for the contestants.

WINGATE, S.   The sole issue in this contested probate proceeding is as to whether the statutory conditions to due execution met with complete compliance in connection with this holographic death-bed will.   No question of fraud, undue influence or lack of testamentary capacity is involved.

Shortly before her death, which resulted from a heart attack, and while she was in bed, the decedent called for pen and paper

and told her niece that she wished to make out her will. Upon the paper and pen being brought, she wrote in her own hand:

" I, Nellie Kilduff, bequeath all I have to my two sisters, Catherine Collins — Margaret Fleming.

" NELLIE KILDUFF."

She thereupon handed the paper to the niece and inquired as to whether the latter could read it. Upon receiving an affirmative response, she said, " Sign it." The niece placed the paper on a table. Another aunt then apparently took it from the room. A few moments later the other witness, Mr. Lynch, came into the room with the paper in his hand, and came over to the bed " and asked her ' Nellie, did you make out this will? Did you write this will? ' And she said, ' Yes.' And then she said, ' Sign it,' " The niece thereupon signed it. Mr. Lynch then started to sign it, but the pen did not function properly and he took it from the room and completed his signature in another room. The decedent died the following night.

The foregoing appears from the testimony of the niece, which is wholly credited by the court. The evidence given by Mr. Lynch, while to the same effect, is not quite so detailed. On the issue of importance, his testimony reads: " I asked if she had made that paper or will. I won't be sure of the words that I used. * * * Q. Did the decedent answer you? A. Yes. Q. What did she say? A. She said ' yes.' "

The statutory requirements for due execution of a testamentary instrument are contained in section 21 of the Decedent Estate Law, which reads as follows:

" § 21. Manner of execution of will. Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner:

" 1. It shall be subscribed by the testator at the end of the will.

" 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses.

" 3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament.

" 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

An analysis of the contents of this enactment demonstrates the legislative intent that seven formalities, one of which is stated in

the alternative, must meet with compliance, as a condition to valid execution. These are:

*First*, the instrument must be subscribed by the testator;

*Second*, the subscription of the testator must be at the end of the will;

*Third*, such subscription by the testator must either be made in the presence of the witness or he must acknowledge it to the witness;

*Fourth*, the testator must acknowledge to the witness that the instrument is his will at the time of the performance of the alternate requirements noted in " third " *supra;*

*Fifth*, two witnesses must sign;

*Sixth*, the witnesses must sign at the end of the will;

*Seventh*, the witnesses must sign at the request of the testator.

It is wholly obvious, and is not controverted, that the first, second, fifth and sixth requirements noted were here met. Indeed, the mere reading of the propounded instrument demonstrates the fact. Contestants, however, dispute that the remaining three essentials were observed. Respecting the seventh, their position cannot be sustained if the testimony of the niece, Miss Collins, be accepted, since she testified categorically that testatrix expressly directed both her and Mr. Lynch to sign. Whereas the latter was not so explicit in his recollection of details, there is nothing in his testimony which is directly contradictory to that of Miss Collins. In any event, the court, as the trier of the facts, wholly credits her.

This narrows the inquiry to the questions of whether the decedent sufficiently acknowledged the instrument to be her will, and adequately complied with the statutory requirement of her signature in the presence of the witnesses or of her acknowledgment thereof to them.

That these prerequisites to validity are not co-extensive is apparent not only on ordinary principles of construction, but on authority. (*Mitchell* v. *Mitchell*, 16 Hun, 97, 99; affd., 77 N. Y. 596; *Lewis* v. *Lewis*, 11 id. 220, 225; *Matter of Redway*, 238 App. Div. 653, 655; affd., 265 N. Y. 519.) The statute places them in separately numbered subparagraphs, thereby conclusively demonstrating an intent to require the performance either of two separate acts, or of a single act partaking of a dual nature, namely, an acknowledgment of the instrument as a will, and the acknowledgment of certain writing on that instrument as a subscription of the will, the latter, of course, only in the event that the subscription was not made in the presence of the witness. This is clearly stated in the *Mitchell* case (at p. 99): " There are four separate clauses in the statute, each of which has its own distinct object. One should not be con-

fused with the other. The second clause is, that the subscription of the testator shall be made in the presence of each of the attesting witnesses. The principal object of this is, that the witnesses may be able to say, from positive knowledge, that the subscription was made by the testator. This is, of course, a matter entirely distinct from their knowledge of the *nature of the instrument.* Then, inasmuch as a testator might sometimes have subscribed the instrument out of their presence, the clause adds: ' Or shall be acknowledged by him to have been so made to each of the subscribing witnesses.' That is, the testator must acknowledge that that which purports to be his subscription was in fact made by him. This, too, is quite distinct from the testator's declaration of the nature of the instrument, which is necessary in either case."

The inquiry in each individual instance is, therefore, whether the events which transpired at the time of the execution of the propounded instrument amounted to " a substantial compliance " (*Lewis* v. *Lewis*, 11 N. Y. 220, 225) with the requirements of the statute that the testator make known to the witnesses the two facts that the instrument was a will, and that certain marks thereon, purporting to be his signature, were, in fact, his subscription thereof.

In the present instance the question was asked of the decedent by the witness Lynch, " Did you write this will? " To this she answered, " Yes." It was in his hands as he was speaking, it was all in her own handwriting including her signature. Clearly the two purposes of the statute have been fulfilled. The witness understood from the decedent the nature of the document; and the subscription thereof which was then visible to him was expressly acknowledged by her to have been written by her, since the whole obviously includes its every part.

Every statutory safeguard has been observed and the document is, therefore, admissible to probate.

Enter decree on notice.