## Ex Parte, Beers.

*In the matter of proving the last will and testament of* Edward A. Beers, *deceased.*

The decedent acknowledged the subscription of his name to the instrument offered for probate,—the document was so covered by a piece of blank paper that no part was visible but the attestation clause, the signature, and a line or two of the will,—the witnesses might have read the attestation clause, but they did not, and were not requested to do so,—both witnesses concurred in stating that the decedent only acknowledged his signature, and, pointing to the attestation clause, requested them to sign as witnesses, but did not declare the instrument to be his will,—from extraneous circumstances they supposed it to be a will, and one of them expressed that opinion to the decedent, who neither assented to nor denied it,—Held that there was not a sufficient testamentary declaration, and that the will must be rejected as invalidly executed.

A declaration is an open act or manifest signification, or assertion or assent by words or signs; and it must be made to appear by unequivocal circumstances, so that the testamentary character of the instrument is shown to have been communicated by the testator to the witnesses.

G. W. Strong, *for Executor.*

The Surrogate. The decedent acknowledged the subscription of his name, at the end of the will, to the two subscribing witnesses. The document, at the time, lay open on a desk, covered with a piece of blank paper, so that no part was visible but the attestation clause, the signature, and the last line or two of the will. The witnesses might have read the attestation, but they did not, and were not requested to do so. One of them states that he read the greater part if not all of the first line of the attestation; but that line does not state the nature of the instrument. Neither of them, in fact, read any portion of the paper showing that it was a will. Ordinarily, where the witnesses do not recollect the circumstances attending the execution, resort

may be had to the attestation, as the basis of a presumption of due execution.   But there is no room for such an inference when the witnesses recollect all the facts, and expressly deny the performance of the solemnities required by the statute.   In the present instance they both concur in the statement that the decedent simply acknowledged his signature, and, pointing with his pen to the attestation clause, requested them to sign as witnesses, and state their residence under their signatures.   They affirmatively disprove any testamentary declaration, and show that that essential ingredient was entirely wanting.   From extraneous circumstances they guessed it was a will, and one of them expressed his opinion in this way : " It is a poor look for me, as a witness to the will does not receive anything." The decedent laughed, but still neither assented nor dissented ; and that was the whole transaction.   Unless the remark just adverted to, and the laugh in reply, can be construed into a declaration by the decedent that the paper was his last will and testament, there is no possibility of sustaining the execution.   But that circumstance is susceptible of more than one interpretation, and neither the witnesses nor the Court could safely and surely conclude from it the intention of the party to publish it as his will. So material a part of an important affair cannot be left to the interpretation of a laugh, to mere guess, surmise or conjecture.   A declaration is an open act, a manifest signification or assertion, or assent by words or signs ; and it must be made to appear by unequivocal circumstances, so that the testamentary character of the instrument is shown to have been communicated by the testator to the witnesses.   There must be some clear indication of the *animus testandi*,—what the Touchstone terms a " firm resolution, and advised determination to make a testament."     Casting from our minds all that we now know of the character of this paper, by inspection, and regarding only the depositions of the witnesses, can we, from what transpired, at the time, discover a declaration by the decedent to the witnesses that it

was a will? That he knew it was a will is reasonable to suppose, that they guessed it was a will appears; but their minds did not meet on that as a common ground; and though the conjecture was clothed in the form of words by one, it was neither denied nor admitted by the chief actor. A will cannot be made by silence; there must be a distinct, affirmative performance of all the statutory requisites. When the witnesses positively swear that no part of the paper indicating that it was a will, was read by them, that the decedent carefully concealed from them the body of the instrument, that he did not ask them to read the attestation, and did not intimate that it was his will; it must require something more than a laugh responsive to a suggestion showing one of the witnesses supposed it to be a will, in order to establish the declaration essential to due execution. Such a requisite may be inferred, but the inference must be reasonable, and the fact from which it is drawn unequivocal, and certain of interpretation. I am constrained for these reasons to pronounce against the probate.