Judgment affirmed with costs.

---

IN THE MATTER OF THE LAST WILL AND TESTAMENT OF
FREDERICK G. DALE, DECEASED.

*Will — must be declared to be such either at the time of its execution or acknowledgment.*

It is necessary to the validity of a will that a testator, either at the time of subscribing it or of acknowledging the execution thereof, should declare the instrument to be his last will and testament, and it is not sufficient that, upon a subsequent occasion, he states to the witnesses to the will that the instrument signed by them was his last will and testament.

APPEAL by the petitioners and proponents, Alexander de Bottari and Olga de Bottari, from a decree of the surrogate of the county of New York, entered in the office of the clerk of said Surrogate's

Court on the 3d day of April, 1886, denying the petitioners' motion to vacate and set aside the decree, entered in the above-entitled matter on the 11th day of May, 1885, rejecting the paper propounded as the last will and testament of Frederick G. Dale, deceased.

*Simon Sterne*, for the petitioners, appellants.

*James Thomson*, for the respondents.

DANIELS, J.:

The deceased died on the 13th of April, 1885. He was unmarried, and left at the time of his decease a sister and three half brothers as his heirs at law and next of kin. The paper proposed to be proved as his will was dated on the 22d of July, 1884. It was wholly in the handwriting of the deceased, and was witnessed by Samuel P. Weir and Edward Fesser, but it was followed by no attesting clause. Upon the hearing following the presentment of this paper to the surrogate for probate it was rejected because of the insufficiency of the evidence to prove a compliance with one of the statutory requirements necessary to be observed for the establishment of the instrument as a will. The appellants, who were legatees named in the will, were not parties to that hearing before the surrogate, and afterwards applied to him to vacate the decree and admit the instrument to probate as a will. And an order was made, on their application, by the surrogate directing a further hearing of the case, upon which the petitioners were to be allowed to show that the instrument was duly published as a will according to law. And if that fact should be established, then the decree rejecting it as a will should be vacated and set aside. But if they should fail to make such proof, then the decree already entered, it was declared, should stand.

There can be no doubt, from the nature and tenor of the instrument, that it was intended by the deceased to be his will, under whose provisions his entire estate was to be distributed. Neither can there be any doubt that the testator subscribed the instrument as that was required to be done by the statute. And the subscription of his name to the instrument was proved to have been acknowledged by him to each of the attesting witnesses. But the defect in the evidence upon which probate was refused to this instrument was,

that the fact had not been proved that the testator, either at the time of subscribing the instrument or of the acknowledgment that it had been subscribed by him, had declared it to be his last will and testament.

This the statute has required to be done to create a valid execution of the instrument as a will, even where it may have been written, as this instrument was, wholly by the deceased. Its language is, that, "The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his last will and testament." (3 R. S. [6th ed.], 63, § 38.) And a substantial, although not a literal compliance with this requirement, was accordingly required to be proved to have taken place to entitle this instrument to probate as a will. This is not only the language clearly expressed of the statute, but its observance has been uniformly and substantially required by the courts. And in *Gilbert* v. *Knox* (52 N. Y., 125) it was held that before a will can be admitted to probate it must appear affirmatively that the statute has been complied with. And to comply with the requirements of subdivisions 2 and 3 of this section of the statute, the testator must, either at the time of subscribing the instrument or at the time of acknowledging it, declare it to be his last will and testament. And to observe this requirement, proof that the nature of the instrument was known to the testator was not of itself sufficient. But it was requisite that "knowledge that the instrument which the witnesses are called upon to attest is a will, must be communicated to them by the testator at the time of his subscription or acknowledgment, and knowledge derived from any other source, or at any other time, of the same fact, cannot stand as a substitute for the declaration of the testator." (Id., 128.) And this principle was approved and followed in *Woolley* v. *Woolley* (95 N. Y., 231); and so it was in the case of *Matter of Will of Cottrell* (Id., 329), where the statement was approved that "The *onus* of showing a compliance with the statute devolves upon the party seeking to establish the will, but the formal execution and publication may be shown by persons other than the subscribing witnesses, or inferred from circumstances as well as established by the direct and positive evidence of the attesting witnesses." (Id., 334.) And in the case of *Matter of Beckett* (103 N. Y., 167) the instrument was sustained as a will for the reason that the evi-

dence was found to be sufficient to prove a compliance with this direction of the statute.

In the present case no other person or persons were present, and within hearing of what transpired, than the decedent, and the individuals who, at the time, subscribed the instrument as witnesses. The witness Fesser was first examined upon this hearing before the surrogate, and he testified that he was asked by the decedent to sign the instrument as a witness. His statement was that " the document was signed by himself. It was turned down leaving only his signature apparent. I indicate the exact condition the paper was in when he asked me to sign it. It was about that way (showing the paper folded once about in the middle with only the space from the signature down exposed). I said I did not like to witness a document without knowing the contents thereof. He laughingly said he did not want me to know the contents. I said I thought if I was witnessing any document I ought to know the contents. I said that in a joking way, not knowing the contents. I said I did not want to sign it unless I knew the contents. He said he did not wish me to know the contents. In reply I did not say anything ; I witnessed it." This witness was examined very minutely as to what took place at this time, and he adhered in all the repetitions of his evidence concerning it substantially to the statement in this manner made. He testified positively that no statement was made to him by the deceased that this instrument was designed by him to be his will. Upon a subsequent occasion, several weeks after the witness had in this manner subscribed his name, he states that a conversation occurred between himself and the deceased upon the subject of making his will, and he was then informed by the deceased that the instrument which had in this manner been subscribed was the will of the deceased. But this was not such an acknowledgment as the statute has required to establish the legal execution of a will. For that purpose it has been required that the acknowledgment or statement shall be made at the time of the subscription by the witness.

He was further interrogated as to whether he had not stated that, at the time when he became a witness to the instrument, he did not know that it was the will of the deceased. He denied having made that statement. And evidence was given by one of the appellants, and another person examined as a witness on the hearing before the surrogate, that

he had, in conversation with them, stated that he then knew this instrument to be the will of the deceased. But this was not evidence to prove the fact that the acknowledgment required by the statute had been made. It was, at the most, testimony admissible in the case for the object of impeaching the testimony of this witness. And if full effect is to be given to it as such evidence, there was still no proof whatever before the surrogate that the deceased had in any form, either by words or acts, acknowledged to the witness this instrument to be his will. And no inference could be drawn from the fact that payment of the legacy of $1,000, provided for him in the will, had been promised by a contestant, that the acknowledgment of the execution of this instrument had been made which the statute rendered necessary to maintain its validity. So far as the case depended upon the testimony of this witness, it failed to prove a compliance with the requirements of the statute. And the evidence of the other subscribing witness was substantially to the same effect. He stated that he had subsequently learned from hearsay what the instrument was. But at the time of subscribing it his testimony was that " Mr. Dale came to me and asked if I recognized that to be his signature." I said " Yes." Then he said : " I want you to sign it as a witness." " We had some little conversation in a joking way as to the contents of that paper. I asked him if he would tell me what that paper contained. He said it was none of my business. That was the substance. Mr. Dale and I were very intimately acquainted, and when he presented this paper I jokingly asked him what the contents of it were, as he had folded it up in such a manner I could not see except just his name. I asked him; he, being a sensitive man, objected to telling me what was in it. I, of course, did not push the matter, and, therefore, signed at his request." He further testified that he did not suspect it was a will, and knew that the deceased did not say it was his will. He was further and fully examined upon what had taken place, and adhered to the truth and correctness of this statement. And from what is testified to have taken place, it is clearly to be inferred that no statement was made and no act was done conveying to the mind of this witness the fact that the deceased intended this instrument to be his will. Further evidence was given by Mr. Anable of an interview which took place between himself and Mr. Weir, but it did not vary

from the statement made by this subscribing witness. At most, it proved a repetition of what the witness himself had stated, that he had learned afterwards that this instrument was intended by the deceased to be his will. As the case was presented there was an entire failure in any form to establish the fact that the deceased had apprised either of the witnesses, at or about the time when they were requested to witness the instrument, that it was intended by the deceased to be his will. In this respect the case differs very manifestly from that of the will of Stillman, lately decided by the surrogate of the county of New York. For there one of the subscribing witnesses testified to a complete compliance with all the requisites prescribed by the statute for the making of a valid will, while here that proof was wholly wanting.

The appellants proposed to prove that near the time of the decease of Mr. Dale efforts were made, in the interest of his next of kin, for the destruction of this instrument. But this evidence was rejected by the surrogate, and the ruling excluding it appears to have been proper; for if it had been proved, as it was proposed to be, that a lighted candle had been placed in one hand of the deceased and this instrument in the other for the obvious design of having it burned and destroyed, or that it was partially mutilated by his sister, that would not have been proof or evidence tending to prove the fact that the deceased did declare this instrument to be his will in the presence of either, or both, of the attesting witnesses. Neither would it have been proof of that fact, that Mr. Paxon was requested in writing, by two of the next of kin, to make a statement that the instrument had been destroyed by the deceased, Mr. Dale. The proposed evidence, if it had been received, would have been ample proof of the depravity of one or both of these next of kin; and it would have established the fact that there was a desire on their part to secure the unlawful destruction of this instrument. But neither this depravity nor this desire would prove that the statute had been complied with, when each of the subscribing witnesses testified that it had not been, and there was no other evidence in the case from which the existence of the disputed fact could be inferred. To establish the instrument as a will, after the testimony of these subscribing witnesses had been given, it was necessary, under the legal principle previously existing, and since embodied in section 2620 of the Code

·of Civil Procedure, that proof should be given of the existence of facts and circumstances which would be sufficient to prove the will ¬upon the trial of an action. And in that proof it has been made necessary, by the language of the statute, that the fact shall be established that the instrument was declared, in some form, by the decedent to be his will. There was no such proof produced before the surrogate. But the proof which was given was, that the instrument had not, either by words or acts, been declared to either of the witnesses when they subscribed it, by the deceased, to be his will; and subsequent reference to the instrument, as the will of the deceased, was not a compliance with what the statute has prescribed. They were not apprised of that fact at the time mentioned in the statute, but information of it was then purposely withheld from them by the deceased. The evidence justified the disposition of the case which was made by the surrogate, and the decree should be affirmed. But, on account of the misconduct of the next of kin, as that was proposed to be, and would probably have been, proved, if the offers made had not been rejected upon their objection, the affirmance should be without costs.

Van Brunt, P. J., and Brady, J., concurred.

Decree affirmed, without costs.