In the Matter of the Probate of a Paper Propounded as the Last Will and Testament of SERENA D. TURELL, Deceased.

IMOGENE LOCKWOOD et al., Appellants; HORACE P. DICKIE et al., Respondents.

WILL — INSUFFICIENT PUBLICATION. The Statute of Wills makes no exception with respect to a holographic will, in its requirements as to execution, and some substantial compliance with the formalities prescribed for its proper publication is necessary; and where an instrument, signed and attested, is offered for probate as a will, and it appears that it is in the handwriting of the testatrix, but that she did not sign it in the presence of either of the attesting witnesses, nor acknowledge to either of them that it had been subscribed by her, nor at any time declare in the presence of either of them that the instrument was her will, nor in any way communicate to them that it was her will or an attempted testamentary disposition of her property, probate is properly denied.

*Matter of Turell*, 47 App. Div. 560, affirmed.

(Argued February 8, 1901; decided March 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made February 16, 1900, which affirmed a decree of the Surrogate's Court of the county of New York denying probate of a paper propounded as the last will and testament of Serena D. Turell, deceased.

The facts, so far as material, are stated in the opinion.

*David McClure* for Imogene Lockwood, appellant. *R. Clarence Dorsett* for Louise Van Zandt Sluyter, appellant. *Edward S. Clinch* for A. B. Simpson, appellant. *J. M. Fiero* for Wheeler Doty, appellant. *Stanley W. Dexter* for Children's Aid Society of the City of New York, appellant. *Stephen W. Collins* for Colored Mission, appellant. *Delancey Nicoll* for Society for Prevention of Cruelty to Children, appellant. Mrs. Turell acknowledged the signature at the end of the will to be her signature. (*Peck* v. *Cary*, 27 N. Y. 9; *Matter of Laudy*, 161 N. Y. 429; *Matter of Mackay*, 110

N. Y. 611; *Matter of Bernsee*, 141 N. Y. 389; *Matter of Laudy*, 148 N. Y. 403; *Baskin* v. *Baskin*, 36 N. Y. 416; *Matter of Phillips*, 98 N. Y. 267.) The instrument was sufficiently published as the decedent's last will and testament. (*Wyndham* v. *Chetwynd*, 1 Burr, 421; *Bond* v. *Seawell*, 3 Burr, 1775; *Trimmer* v. *Jackson*, 4 Burn's Eccl. Law [9th ed.], 102; *Lane* v. *Lane*, 95 N. Y. 494; *Peck* v. *Cary*, 27 N. Y. 9; *Matter of Cottrell*, 95 N. Y. 329; *Rugg* v. *Rugg*, 83 N. Y. 592; *Matter of Beckett*, 103 N. Y. 167; *Matter of Kellum*, 52 N. Y. 517.) The Court of Appeals has power to review the decision of the Appellate Division. (*People ex rel.* v. *Barker*, 152 N. Y. 432; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Amherst College* v. *Ritch*, 151 N. Y. 321; *Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254; *Farleigh* v. *Cadman*, 159 N. Y. 169; *Marden* v. *Dorthy*, 160 N. Y. 39; *Reed* v. *McCord*, 160 N. Y. 330; *Hilton* v. *Ernst*, 161 N. Y. 226; *Lewis* v. *L. I. R. R. Co.*, 162 N. Y. 52; *Genet* v. *D. & H. C. Co.*, 163 N. Y. 173.) The Court of Appeals has the power to review the rulings of the surrogate on the admission and rejection of testimony. Some of his rulings were improper. (*Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 258; *Lewis* v. *Long Island R. R. Co.*, 162 N. Y. 52; *Clark* v. *Nat. S. & L. Bank*, 164 N. Y. 498; *Matter of Beckett*, 103 N. Y. 167.)

*Mornay Williams* for The Door of Hope, appellant. The declaration or publication of a will need not be in the exact words of the statute, but words equivalent in import and signification, or acts and words together, which amount to a clear and unequivocal declaration by the testator of his intention to execute the instrument as his last will and testament are sufficient. (*Remsen* v. *Brinckerhoff*, 26 Wend. 325; *Whitbeck* v. *Patterson*, 10 Barb. 608; *Torry* v. *Bowen*, 15 Barb. 304; *Nipper* v. *Groesbeck*, 22 Barb. 670; *Coffin* v. *Coffin*, 23 N. Y. 9; *Gamble* v. *Gamble*, 39 Barb. 373; *Matter of Hunt*, 110 N. Y. 278; *Matter of Vorhis*, 125 N. Y. 765; *Matter of Kane*, 2 Conn. 249; *Matter of Menge*, 13 Misc. Rep. 553.)

*George G. De Witt* and *Theodore De Witt* for Horace P. Dickie, respondent. The Appellate Division having, upon an appeal taken upon both law and facts, unanimously affirmed the surrogate's determination, the facts found by the surrogate are conclusively established for the purposes of this appeal. (*Commercial Bank* v. *Sherwood*, 162 N. Y. 310; *People ex rel.* v. *Barker*, 152 N. Y. 417; *Matter of Hall*, 164 N. Y. 196; *Hilton* v. *Ernst*, 161 N. Y. 226; *Reed* v. *McCord*, 160 N. Y. 330.) The surrogate's findings of fact as well as his refusals to find are sustained by the evidence and should be regarded as final for the reason that this court cannot reverse such findings or refusals without reviewing questions of fact. (*Squier* v. *H. F. Ins. Co.*, 162 N. Y. 552; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341.) The statutory requirement of publication is not satisfied by the mere fact that both testator and witnesses know that the paper is testator's will; there must be a communication of that fact by the testator to the witnesses. (*Gilbert* v. *Knox*, 52 N. Y. 128; *Wilson* v. *Hetterick*, 2 Bradf. 427.) The undisputed evidence shows that there was no publication. (*Lewis* v. *Lewis*, 11 N. Y. 226.) The decedent did not in any way communicate to the witnesses that the paper was her will. (*Matter of Laudy*, 161 N. Y. 433; *Matter of Beckett*, 103 N. Y. 174; *Hunt* v. *Mootrie*, 3 Bradf. 322; *Matter of Hunt*, 110 N. Y. 278; *Peck* v. *Cary*, 27 N. Y. 9; *Lane* v. *Lane*, 95 N. Y. 494.) The attestation clause raises no presumption that the will was duly published. (*Woolley* v. *Woolley*, 95 N. Y. 231; *Portens* v. *Holm*, 4 Dem. 14; *Rumsey* v. *Goldsmith*, 3 Dem. 494; *Wilson* v. *Hetterick*, 2 Bradf. 427; *Lewis* v. *Lewis*, 11 N. Y. 220; *Mitchell* v. *Mitchell*, 16 Hun, 97; 77 N. Y. 596.) There is no evidence that the decedent acknowledged her signature to the paper offered for probate. (*Matter of Laudy*, 148 N. Y. 403; *Lewis* v. *Lewis*, 11 N. Y. 220; *Matter of Mackay*, 110 N. Y. 611; *Mitchell* v. *Mitchell*, 16 Hun, 97; 77 N. Y. 596.) The fact that the will is holographic does not dispense with the necessity of a substantial compliance with the statute. (*Matter of Beckett*, 103 N. Y. 167; *Matter of*

*Cottrell*, 95 N. Y. 329; *Edson* v. *Bartow*, 154 N. Y. 217; *Matter of Kingsland* v. *Murray*, 133 N. Y. 170.)

*Louis B. Adams* for Helen D. Adams, respondent. The Statute of Wills in the State of New York requires that Mrs. Turell's signature should have been so far visible to each of the subscribing witnesses that they could see it and recognize it as her signature. (*Matter of Conway*, 124 N. Y. 455; *Matter of Whitney*, 153 N. Y. 264; *Matter of O'Neil*, 91 N. Y. 520; *Matter of Andrews*, 162 N. Y. 1; *Matter of Laudy*, 148 N. Y. 403; *Matter of Mackay*, 110 N. Y. 611; *Lewis* v. *Lewis*, 11 N. Y. 221; *Mitchell* v. *Mitchell*, 77 N. Y. 596.) Mrs. Turell never published the paper writing as her last will and testament to Mr. and Mrs. Barnes, but designated it at all times as a document. (*Matter of Dale*, 9 N. Y. Supp. 396; *Matter of Simon*, 9 N. Y. Supp. 352; *Wilson* v. *Helbrick*, 2 Bradf. 427.) The statute must be strictly complied with. (*Hitchler's Will*, 55 N. Y. Supp. 642; *Matter of Laudy*, 148 N. Y. 403; *Matter of Andrews*, 162 N. Y. 1.) The statute was designed to prevent frauds, and the formalities required by it must be strictly complied with. (*Lewis* v. *Lewis*, 11 N. Y. 220; *Matter of Purdy*, 55 N. Y. Supp. 643; *Matter of de Haas*, 49 N. Y. Supp. 696; *Matter of Van Gieson*, 47 Hun, 5; *Matter of Abercrombie*, 48 N. Y. Supp. 414.) The fact that it is a holographic will does not raise a presumption of regularity of execution in its favor. (*Matter of Beckett*, 103 N. Y. 167.)

*John H. Parsons* for Edward P. Dickie, respondent. The Appellate Division having unanimously affirmed the decree of the surrogate denying probate to the proposed will, this court is without jurisdiction to examine into the facts on which findings are predicated. (*Matter of Westerfield*, 163 N. Y. 209; *Ostrom* v. *Greene*, 161 N. Y. 353; *Reed* v. *McCord*, 160 N. Y. 330; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Amherst College* v. *Ritch*, 151 N. Y. 282; *People ex rel.* v. *Barker*, 152 N. Y. 432; *Marden* v. *Dorthy*, 160 N. Y. 39; *Ayres* v.

*D., L. & W. R. R. Co.*, 158 N. Y. 254; *Farleigh* v. *Cadman*, 159 N. Y. 169; *Lewis* v. *L. I. R. R. Co.*, 162 N. Y. 52.) The questions of fact and findings below are conclusive here unless this court should find that they either are against the undisputed evidence or without any evidence whatever to support them. (*Crim* v. *Starkweather*, 136 N. Y. 635; *Cox* v. *Stokes*, 156 N. Y. 491; *Arnold* v. *N. & N. B. H. Co.*, 148 N. Y. 392; *White* v. *Benjamin*, 150 N. Y. 258; *Otten* v. *M. Ry. Co.*, 150 N. Y. 395; *Livingston* v. *City of Albany*, 161 N. Y. 602.) The will was not executed in accordance with the Statute of Wills. (2 R. S. 67, § 40; *Matter of Mackay*, 110 N. Y. 611; *Matter of Laudy*, 148 N. Y. 403; *Chaffee* v. *B. M. Convention*, 10 Paige, 85; *Mitchell* v. *Mitchell*, 16 Hun, 97; 77 N. Y. 596; *Matter of de Haas*, 9 App. Div. 561.) The decedent did not at the time of making her subscription or at any time declare the instrument so subscribed to be her last will and testament. (*Wilson* v. *Hetterick*, 2 Bradf. 427; *Lewis* v. *Lewis*, 11 N. Y. 220; *Matter of Beers*, 2 Bradf. 163.) The fact that there was an attestation clause cannot sustain proof of execution. (*Woolley* v. *Woolley*, 95 N. Y. 234.) There is no presumption of regularity of execution. (*Lewis* v. *Lewis*, 11 N. Y. 220; Schuler on Wills, § 348; Jarman on Wills [5th ed.], § 86.) The fact that it is a holographic paper raises no presumption in favor of regularity of execution. (*Lewis* v. *Lewis*, 11 N. Y. 220; *Matter of Dale*, 56 Hun, 169.)

*C. Godfrey Patterson* for Gertrude F. Harrison, respondent. An attestation clause is no part of a will, and its statements may be nullified by positive proof of the untruthfulness of statements thereof. (*Woolley* v. *Woolley*, 95 N. Y. 231; *Mitchell* v. *Mitchell*, 16 Hun, 97; 77 N. Y. 596; *Matter of Cottrell*, 95 N. Y. 329.)

GRAY, J. The surrogate's conclusion, that the will of the deceased was not executed and attested in the manner prescribed by the law of the state and that probate thereof should

be denied, was based upon findings as to the facts which seem to me to be quite controlling. He found, in substance, as follows: that the instrument which was offered for probate, with the attestation clause appended thereto and subscribed by two witnesses, was in the handwriting of the testatrix; that, upon the occasion when it purported to have been executed, the witnesses had attended upon the deceased at her room in a hotel, in pursuance of her request to Mrs. Barnes, one of them, "to bring her husband with her to witness a document;" that then the "document," already signed, and "folded so that its contents could not be seen," was placed upon the table before them and being "told to sign at the place designated by the testatrix under the attestation clause," they affixed their signatures and were dismissed; that "the decedent did not sign such paper in the presence of the witnesses, or either of them;" nor did she "acknowledge such paper to have been subscribed by her" to either of them; that she did not, "either at the time of making such subscription, or at the time of the signing of the instrument by the witnesses, or on the said occasion, declare to, or in the presence of, the said witnesses, or either of them, that such instrument was her will" and she did not "in any way communicate to them that it was her will, or an attempted testamentary disposition of her property." Further, the surrogate, specifically, refused to find these requests: "That each of the witnesses to said paper writing knew at the time their names were signed thereto that it was the will of the decedent," and "that at the time each witness signed his or her name, he and she saw the signature of the decedent to the paper writing and read the attestation clause, or a portion thereof, including the words therein, ' will and testament.'"

The decree of the Surrogate's Court, which was made upon these findings, was unanimously affirmed at the Appellate Division and while the appellants concede that, by reason of such affirmance, this court cannot review the evidence and must accept the facts as found, they contend that the question of law, nevertheless, remains whether upon these facts the

surrogate's conclusion of law was correct. In substance, their argument is that, within a fair construction of the Statute of Wills, there was an acknowledgment by the testatrix of her signature and that there was a sufficient publication of the instrument as her will.

The only question upon this appeal then is, whether the Surrogate's Court could have admitted the proposed instrument to probate, as the last will and testament of the deceased, upon the facts as established. The Statute of Wills provides that "every last will and testament of real and personal property shall be executed and attested" in a manner prescribed. The subscription, required of the testator, shall be made by him in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been made, to each of the attesting witnesses, and, at the time of making the subscription, or of acknowledging the same, he shall declare the instrument so subscribed to be his last will and testament. (2 R. S. 61, § 40.) The surrogate, before admitting a will to probate, is required to inquire particularly into all the facts and circumstances and he "must be satisfied * * * of the validity of its execution." (Code Civ. Pro. § 2622.) Now it should seem to be pretty clear that whether an instrument propounded for probate was the will of the deceased and whether it was validly executed as the statute prescribes, are made pure questions of fact, which the surrogate must determine upon his inquiry. The feature of the case, which is deemed of such importance by the proponents, as affecting the question of publication and as demanding a different legal conclusion than that reached below, is that this was the holographic will of the deceased. The statute, however, makes no exception with respect to a holographic will, in its requirements as to execution, and it is not easy to understand how its holographic character dispenses with, at least, some substantial compliance with the formalities prescribed for the proper publication of a will. The statute still requires obedience. (*Matter of Beckett,* 103 N. Y. 167.) It is, undoubtedly, true, in the case of a holographic will, that the

dangers of fraud and imposition, or of undue influence, against which the statute was designed as a safeguard, are greatly diminished and that it is unnecessary to criticise as closely the terms and manner of publication. The atmosphere of a testamentary instrument, wholly in the handwriting of the testator, is such as, naturally, to dispose the judicial mind to accept it as his will with less strictness in the proof of a compliance with statutory formalities. In all cases, a substantial compliance will be sufficient and no particular form of words is required, or is necessary, to effect publication, (*Matter of Hunt*, 110 N. Y. 278; *Matter of Beckett*, 103 ib. 167); but some compliance must be proved. The real question here is not with respect to the manner of compliance, but whether there could have been any compliance with the statutory requirements, when the character of the instrument was concealed and not communicated to the witnesses. The legislative intent was that a declaration should be made by the testator, either in words, or by signs, to the witnesses of his understanding of the nature of the instrument and a publication of a will requires that the testator declare, in some comprehensible way, that the instrument was signed by him. (*Remsen* v. *Brinckerhoff*, 26 Wend. 325; *Gilbert* v. *Knox*, 52 N. Y. 125.) It must appear that, as between the testator and the witnesses, there was some meeting of the minds upon the understanding that the instrument was the testator's will; that it had been subscribed by him and that the attestation of the latter was desired to the will so subscribed. The facts, which we must accept in this case, are that there was absolutely no communication between the testator and the witnesses, at the time they signed their names to this paper, and they barely permit of the surmise on the part of the witnesses as to the nature of the transaction in which they were participating. The formal attestation clause is not of itself sufficient, when it positively appears that the essential elements in the due execution of a will were absent. (*Lewis* v. *Lewis*, 11 N. Y. 220; *Woolley* v. *Woolley*, 95 ib. 231.) All presumptions in favor of its execution must yield in the pres-

ence of such positive facts as were found by the trial court; be the will holographic, or not.

This case differs from that of *Matter of Hunt*, (110 N. Y. 278), where the witnesses were unable to recollect precisely what took place, in detail. Their want of recollection was not permitted to invalidate the instrument, when they had testified that the circumstances must have been as stated in the attestation clause, or they would not have signed the instrument. There is a material difference between the case of a mere inability to recollect what took place, when there is no denial of the circumstances; or a case where the denial of the witnesses as to their signature or presence is met by proof of both these facts and of the circumstances surrounding the transaction, (*Matter of Cottrell*, 95 N. Y. 329), and a case like the present one, where the facts found established affirmatively that none of the requirements of the statute was complied with.

In each case, the circumstances, as they are disclosed by the evidence, must determine the question of the validity of the execution and publication of a will. The inquiry is to be made by the surrogate and his decision upon the evidence before him, either way, when approved by the Appellate Division, is binding upon this court.

There are no other questions involved in this appeal, which demand our attention, and I advise that the order appealed from should be affirmed, with costs to the respondents appearing by separate counsel in this court to be paid out of the estate.

O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., not sitting.

Order affirmed.