On presentation of a holographic will for probate, it appeared that there was no attestation clause; but there was evidence that testator stated to the first witness that he had written out a paper, so that on his death his matters could be properly attended to, and asked the witness to sign as a witness, and that he thereafter stated to another witness, who was not present with the first witness, that he had made a will, and that the same was in his own handwriting, and requested the second witness to sign as a subscribing witness. *Held*, that the execution was sufficiently proven.

In the matter of the probate of the will of Jeremiah Palmer. Probate decreed.

Hylan & Underhill, for proponent.
Marsh & Bennett (Ellen J. Bennett, of counsel), for Hattie Clapsaddle and others.

CHURCH, S. The paper propounded here as the last will and testament of the deceased was entirely in the handwriting of the deceased. It was not drawn in the ordinary form of a will, there was no attestation clause to the same, and it is apparent that the deceased did not formally attempt to comply with the provisions of the statute. The question is, therefore, whether there has been a substantial compliance with the provisions of the statute, so as to authorize this paper being admitted to probate as the last will of the deceased. The fact, of

course, that it would be regarded as a holographic will, and therefore unquestionably represents the intention of the testator, is entitled to considerable weight in the consideration of the matter; but, even if it represents the intention of the deceased, the deceased cannot be superior and above the provisions of the statute. Matter of Turell, 166 N. Y. 330, 59 N. E. 910. It seems to me, however, that there are facts in this case, which do not exist in the Turell Case, which justify the admission of this paper to probate as the last will and testament of · deceased. In substance, we have the deceased stating to the first witness that he had written out a paper, so that his matters could be attended to in case of anything happening to him. This was, in effect, a declaration that this was his will. Next we have the deceased declaring that he had written the entire paper. This was, in effect, a declaration that the signature to the paper was his signature. And next we have a request to this witness to sign same as a witness. The other witness was not present at this time, but we have a declaration to this other witness that he had made a will; that he had written out the same; and, further, a request to the other witness to sign it as a subscribing witness. This is therefore a substantial compliance with the provisions of the statute. Let decree be entered, therefore, admitting such paper to probate.

Probate decreed.