the presumption of law is that the will was destroyed by the testatrix herself animo revocandi. Collyer v. Collyer, 110 N. Y. 481, 18 N. E. 110, 6 Am. St. Rep. 405; Matter of Kennedy, 167 N. Y. 163, 168, 60 N. E. 442; Matter of Cunnion, 201 N. Y. 123, 126, 94 N. E. 648. No doubt such a presumption of revocation may be rebutted by sufficient evidence to the contrary. Matter of Cunnion, 201 N. Y. 123, 94 N. E. 648. But the burden of overcoming such presumption by adequate proof is on those who maintain the continuation of the will as an inceptive legal instrument, and it is not sufficient for them to show that persons interested in its destruction had an opportunity to destroy it, as the law does not presume fraud. Collyer v. Collyer, 110 N. Y. 486, 18 N. E. 110, 6 Am. St. Rep. 405. Fraud of all tortious acts provable in a civil court must be made out with technical precision, as the procedural law safeguards persons against mere constructive wrongdoing.

[3] No good purpose would be subserved by a review of all the extended evidence offered to rebut the presumption of destruction by testatrix animo revocandi. Petitioner offered perhaps the best evidence obtainable, but it was insufficient to exclude every possibility of such destruction by the testatrix herself, unless I had also found a want of capacity to revoke. It is apparent in the record that there was a period when the testatrix might have visited the probable repository of the will, and at such time she had it in her power to take the will away with her, if she chose. It was necessary for petitioner to exclude every possibility of a destruction of her will by testatrix herself. The petitioner has not excluded every opportunity of the testatrix to destroy her will, and therefore has not overcome the presumption denoted above, and this was incumbent on the petitioner for probate. I should have to presume for petitioner and stretch the evidence in order to find for petitioner, and this I cannot do.

The probate sought will be denied, and the decree will be accordingly.

Probate denied.

---

(75 Misc. Rep. 432.)

### In re WILMERDING'S WILL.

(Surrogate's Court, New York County.   January, 1912.)

WILLS (§ 133*)—REQUISITES OF ATTESTATION AND PUBLICATION.

Probate of a holographic will will be refused where both of the subscribing witnesses swear positively that there was no publication of the instrument, and that they did not know that it was a will until long after they had signed it.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 342–344; Dec. Dig. § 133.*]

Petition for the probate of a holographic will of John C. Wilmerding, Jr., deceased.  Denied.

Gay & Goddard, for petitioner.

Wales F. Severance (Maurice Deiches, of counsel), for legatee Gordon.

FOWLER, S. There being some difficulty in the proof of this will in the ordinary or common form before the clerk, I directed the proofs to be retaken before me. The will is a holograph. Holographic testaments are doubtless favored in probate law. In the civil law even the signature of the testator to a holograph was dispensed with. C. 6, 23, 21, pr. Under our old law, prior to the last century, if it were certain that a testament was written or subscribed by the testator, the testimony of witnesses was unnecessary. Swinb. 639; Gilb. Rep. 260. But since our present statute of wills, while the evidence of publication of a holographic testament may be somewhat relaxed, nevertheless a substantial compliance with the statute is essential; and both publication and rogatio testium, or a request to the witnesses to act as attesting witnesses, must be made out in some way to entitle such a testamentary paper to probate as a will. Matter of Phillips, 98 N. Y. 267; Matter of Beckett, 103 N. Y. 167, 8 N. E. 506; Matter of Hunt, 110 N. Y. 278, 281, 18 N. E. 106; Matter of Turell, 166 N. Y. 330, 59 N. E. 910; Matter of Moore, 109 App. Div. 762, 765, 96 N. Y. Supp. 729, affirmed 187 N. Y. 573, 80 N. E. 1114.

In this case both of the witnesses to the will of Mr. Wilmerding swear positively that there was no publication by the testator, and neither witness knew that the instrument which he subsigned was a will until long subsequently to the disruption of the session during which they so subsigned. As was intimated in substance in Matter of Moore, supra, it would be a dangerous practice to permit even a meritorious holograph to be established in defiance of the positive testimony of those who are the chief actors in a quasi public function. Such a precedent would be dangerous in the extreme, as it would tend to nullify the statute of wills. There is in this cause now before me no resemblance to the latest case which I find reported on this subject. Matter of Marley, 140 App. Div. 823, 125 N. Y. Supp. 886.

I am constrained to refuse probate to the paper propounded. Settle decree accordingly.

Probate denied.