(86 Misc. Rep. 577)

## In re SHAPER'S WILL.

(Surrogate's Court, Herkimer County.   July, 1914.)

1. WILLS (§ 119*)—PROBATE—PUBLICATION.
   Probate of a will having no attestation clause will be denied, though it be signed by alleged testatrix and subscribing witnesses at her request, where knowledge of the character of the instrument was withheld from the witnesses; there being no declaration by testatrix, as required by Decedent Estate Law (Consol. Laws, c. 13) § 21, subsec. 3, that the instrument is her last will and testament.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 305–313; Dec. Dig. § 119.*]

2. WILLS (§ 309*)—PROBATE—DUTY OF SURROGATE.
   Though no objections are filed to the probate of a will, the surrogate is required, under the express provisions of Code Civ. Proc. § 2622, to inquire into the validity of its execution.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 735–737; Dec. Dig. § 309.*]

Proceedings on the probate of the last will and testament of Mary Lathrop Shaper, deceased.   Probate denied.

W. C. Prescott, of Herkimer, for petitioner.

W. K. Harvey, of Utica, for a legatee.

BELL, S.   On November 17, 1913, Mary L. Shaper went from her rooms into the part of the dwelling occupied by Mr. and Mrs. Massee with a paper, written by her, and asked Mrs. Massee if Mr. Massee was in, and Mrs. Massee said, "Yes; in the library." Mrs. Shaper then said to him she had a paper that she would like him to sign.   Mrs. Shaper signed the paper, and Mr. Massee signed it as a witness.   Then Mrs. Shaper said to Mrs. Massee that she wanted her to sign, and Mrs. Massee then signed as a witness, all signing in each other's presence. This is all that took place; Mrs. Shaper's reference being only to "a paper." There is no attestation clause.

[1] Section 21 of Decedent Estate Law provides that:

"Sec. 21. Manner of Execution of Will.   Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner:

"1. It shall be subscribed by the testator at the end of the will.

"2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses.

"3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament.

"4. There shall be at least two attesting witnesses each of whom shall sign his name, as a witness, at the end of the will, at the request of the testator."

All of these provisions were complied with except the third, so that the only question here is that of publication.   Did decedent declare, in words or substance, the instrument or paper subscribed by her to be her last will and testament?   That is the question the surrogate must determine.   This third provision does not mean that the words "last will and testament" must be used, but a substantial compliance is nec-

essary. It would have been sufficient if she, in some way or mode, had indicated to the witnesses that this paper was her will; but there was no communication or sign by her to the witnesses to let them know or understand that the paper signed by her and witnessed by them was her will. In Bagley v. Blackman, 2 Lans. 41, the headnote is as follows:

"Unless the testator declares, or gives the witnesses in some form to understand, at the time of making or acknowledging his subscription, that the instrument signed is his will, there is no sufficient publication. Accordingly, where the witnesses have been sent for to witness the testator's will, and went for that purpose, but had no other information that they were witnessing his will, held, that the publication was insufficient."

In Matter of Dale, 56 Hun, 169, 9 N. Y. Supp. 396, the headnote is as follows:

"It is necessary to the validity of a will that a testator, either at the time of subscribing it or of acknowledging the execution thereof, should declare the instrument to be his last will and testament, and it is not sufficient that, upon a subsequent occasion, he states to the witnesses to the will that the instrument signed by them was his last will and testament."

In Matter of Application of Beckett, 103 N. Y. 174, 8 N. E. 507, Judge Finch said:

"At the time of the execution of the will in controversy the testatrix did not once call it a will, but spoke of it as a paper. To a stranger the expression would fail to indicate what kind of paper she understood it to be, and if no more than that was communicated to the witnesses it was not sufficient."

In Matter of Wilmerding, 75 Misc. Rep. 432, 135 N. Y. Supp. 516. both of the witnesses stated that there was no publication of the instrument by the testatrix, and that they did not know it was a will until long after they had signed it. Probate was refused.

In Matter of Moore, 109 App. Div. 762, at pages 765, 766, 96 N. Y. Supp. 729, at page 731, it appears that the subscribing witnesses did not comprehend that the paper they were signing was a will, and Judge Spring said:

"This information is essential to its valid publication. The knowledge may be acquired by signs or in any other manner which discloses that the testator and the witnesses possessed it. But where the proof shows that the testator or the witnesses did not have this indispensable information, there is no publication within the meaning of the statute, and consequently no will. * * * A testamentary disposition cannot be supported, however certain we may be of the intention of the alleged testator, upon the hypothesis that he possessed the essential knowledge of the character of the instrument, but desired to withhold that knowledge from his witnesses. They must know what the instrument is. That knowledge is both a reason and a necessity for the publication."

When a document is a will, the witnesses are expected to remember what occurred at its execution, and be ready to vouch for its validity in court. The alleged testatrix understood what this paper was, because it was written by her; but the statute of wills makes no exception with respect to a holographic will in its requirements as to execution, and some substantial compliance with the formalities prescribed for its proper publication is necessary.

The real question here is not with respect to the manner of compliance, but whether there was any compliance with this statutory require-

ment, when the character of the instrument was withheld, and not communicated to the witnesses. The legislative intent was that a declaration should be made by the testatrix, either in words, or by signs, to the witnesses, of her understanding of the nature of the instrument, and a publication of will requires that the testatrix declare, in some comprehensible way, that the instrument was her will. Matter of Turell, 166 N. Y. 330, 59 N. E. 910.

[2] While no objections are filed, and the only persons appearing ask that this alleged will be admitted to probate, there are a number of next of kin who do not appear. Section 2622 of the Code of Civil Procedure provides that, before admitting a will to probate:

"The surrogate must inquire particularly into all the facts and circumstances, and must be satisfied of the genuineness of the will and the validity of its execution."

It is to be regretted that the alleged will, intended to contain the testamentary disposition of decedent's property, must be rejected by reason of a failure to comply with the requirements of the statute; but these requirements have been long in existence, are easily understood, were made to protect persons making wills, and have served a beneficial purpose for many years, and no substantial departure therefrom can be justified to help out any special case. Judge Bartlett, in Matter of Andrews, 162 N. Y. 5, 56 N. E. 530, 48 L. R. A. 662, 76 Am. St. Rep. 294, said:

"It is undoubtedly true that from time to time an honest attempt to execute a last will and testament is defeated by failure to observe some one or more of the statutory requirements. It is better this should happen under a proper construction of the statute than that the individual case should be permitted to weaken those provisions calculated to protect testators generally."

The alleged will cannot be admitted to probate, for the reason that there was no publication as required by statute, and consequently no will.

Probate denied.