In the Matter of the Petition of DANIEL D. WHITNEY to Prove the Last Will and Testament of GERTRUDE L. SIMPSON, Late of the County of Kings, Deceased.

JOSEPH H. LAFIURA and Another, as Executors, etc., of GERTRUDE L. SIMPSON, Deceased, Appellants; HOWARD BERGEN, Respondent.

Second Department, January 26, 1925.

**Wills — probate — execution of will — holographic will not executed pursuant to Decedent Estate Law, § 21.**

The holographic will offered for probate in this proceeding was not duly executed in accordance with the provisions of section 21 of the Decedent Estate Law, since the evidence does not establish that the will was subscribed at the end thereof by the testatrix or that it was duly published by the testatrix or that the testatrix acknowledged that the signature to the will was hers at the time she requested the witnesses to sign. In fact, it appears that the witnesses signed the alleged will without knowing what the instrument was and without seeing the signature of the testatrix.

APPEAL by Joseph H. LaFiura and another, as executors, from a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 31st day of July, 1924, in so far as said decree admits to probate a certain paper writing, without date, together with decedent's prior will, as a valid will of real and personal property and directs that said writing be recorded as part of said prior will.

*Patrick E. Callahan* [*Everett H. Travis; Daniel D. Whitney,* attorney in person, with him on the brief], for the appellants.

*Mortimer W. Byers* [*William Murray* with him on the brief], for the respondent.

RICH, J.:

Gertrude L. Simpson departed this life March 13, 1923, leaving her surviving a nephew, grandnephew and grandniece as her sole heirs at law and next of kin. She left a last will and testament, dated March 3, 1917, and a holographic brown paper writing, without date, purporting to be signed by her and by C. O. Gildersleeve and M. J. Heath, of which the following is a copy:

" I leave my house and contents to Howard Bergen of Flatbush, what money remains I leave to the Childrens aid Society of Brooklyn, to D. D. Whitney, I leave 1,000 Dollars I leave my Niece Florence Mackey and Edward Mackey each 200 dollars and my Nephew Allan LaFuira 200, dollars.

" GERTRUDE L. SIMPSON<br>
" this is my Last Will and<br>
others I wish distroyed —

" C. O. GILDERSLEEVE
" M. J. HEATH."

Both have been admitted to probate by the surrogate. The probate of the will was not opposed, and its validity is not in question upon this appeal, but the decree of the learned surrogate admitting the brown paper writing is before us for review, and the question presented for our determination is whether its due execution and publication by the testatrix was established.

Testatrix was eighty-one years of age at the time of her death, and left an estate consisting of some $15,000 in personalty and $7,500 in realty. She had no living relatives save those above mentioned in her will. The Howard Bergen named in the brown paper writing was a plumber who from time to time repaired the plumbing at the testatrix's house and he could in no way be considered an object of her bounty. The paper before us was signed by the persons whose names appear thereon, some two years prior to the death of the decedent, and the circumstances surrounding the signing are related by them. Miss Gildersleeve, who had known testatrix for some twenty-three years, says that testatrix came to her one morning and asked her to sign the paper. She signed it and asked no questions. She did not examine the paper, and says she did not see the signature of testatrix nor the words appearing under the signature, and she had no idea that it was a will. Mrs. Heath, who knew testatrix for forty years, identified her signature on the paper but was unable to recollect when she signed it. She says that the testatrix brought the paper to her and asked her to sign it, that she read it, and although at first demurred, finally consented to and did sign it. No other con-

versation was had and testatrix took the paper and left. She was unable to state whether testatrix's signature or the writing below was there at the time and she did not see testatrix sign her name.

Both of these witnesses were frank to state that they did not approve of the dispositions contained in the writing, but that their opinion in this respect did not in any way affect their testimony as to what had transpired at the time they signed.

The learned surrogate has disregarded the testimony of these witnesses and has found due execution of the brown paper writing as and for the last will and testament of testatrix. In this he erred. It is not made to appear that the paper writing was signed at the end as required by statute, and proof of the due execution and publication is entirely lacking. The Decedent Estate Law (§ 21) provides how a will shall be executed and attested as follows:

" 1. It shall be subscribed by the testator at the end of the will.

" 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses.

" 3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament.

" 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

The requirements of the statute were not met (See *Matter of Turell,* 166 N. Y. 330), and we are of the opinion that probate of the brown paper writing should have been denied.

The decree in so far as it provides for the admission to probate of the brown paper writing should be reversed on the law and the facts, but in all other respects affirmed, with costs to both appellants payable out of the estate.

KELLY, P. J., JAYCOX, MANNING and KAPPER, JJ., concur.

Decree of the Surrogate's Court of Kings county, in so far as it provides for admission to probate of the brown paper writing, reversed on the law and the facts, but in all other respects affirmed, with costs to both appellants payable out of the estate.