In the Matter of the Probate of the Will of CATHARINE CONWAY, Deceased.

Surrogate's Court, Suffolk County, April 14, 1927.

Wills — execution — witnesses testified that no one indicated paper to be decedent's will or asked them to sign paper — witnesses could not identify signatures — probate denied.

The paper submitted on this proceeding as the last will of the decedent herein must be denied probate, where the witnesses testified that neither the decedent nor any one, by act or word in her presence, indicated that the paper presented was decedent's will, and that the decedent did not ask them nor did any one ask them in the presence of the decedent to sign the paper as witnesses. Furthermore, the witnesses could not identify their signatures at the end of the attestation clause.

PROCEEDING for probate of will.

*Ernest W. Tooker,* for the proponent.

*James T. Walsh,* for the contestant.

PELLETREAU, S. Objections were filed against admitting the paper presented for probate as the last will of the above deceased. The principal issue raised upon the proof is upon the question, Was the alleged will duly executed by her?

The requirements of the law so far as they relate to this will were that it should be signed by the deceased at the end of the will and in the presence of two witnesses; at the time of signing the deceased should declare to each of the witnesses that the paper was her last

will and testament; that she should request each of them to become witnesses at its execution, and that they should thereupon sign their names as such witnesses in the presence of the deceased at the end of the will. There is no form required. The law is not foolish enough to say that the testatrix must precisely say: " I declare this to be my last will and testament," or that she should precisely say: " I request you to sign it." It is enough if in any form whatever her words or actions, with words or without words, the testatrix communicates to the witnesses her declaration that this is her will and her request that the witnesses should sign it. So that if the testatrix is asked by a person present: " Do you declare this to be your will? " and replies, " Yes," or nods the head or by any form whatever of words or conduct intimates that she does declare it to be her will, that part of the ceremony which the law requires will have been complied with.

Again if the person present as a witness, having heard the declaration or received the declaration, and should say to the testatrix, " Shall I sign it? " and the testatrix nods her head or by any means expresses her desire that it should be signed by the witnesses, in that respect the law has been fulfilled.

There is no legal requirement that there be added to the will what the lawyers call an " attestation clause." It is the invention of good practitioners. It is a valuable, desirable and excellent thing but it has no ritualistic value. There was such a clause at the end of the paper presented as the will of Catharine Conway. The will is legal in form.

There is legal proof in this case that Catharine Conway signed the paper; that the two witnesses saw her sign and that they thereupon signed their names thereto in her presence and in the presence of each other. Each witness positively swears that he was asked by a brother of the proponent to go to the residence of the decedent to witness the signing of her will; that two or three days thereafter they were driven to the house of the deceased by the same party. The two witnesses sat in the kitchen and Mr. Thomas Butler, the brother of the proponent, went into the dining room and soon after the two witnesses were called in. Thus then in the dining room there were Miss Catharine Ducey, the proponent, Mr. Thomas Butler, her brother, and the two witnesses to the will, James L. Horton and Edward Butler; the document now presented for probate was on the table. The decedent, Catharine Conway, was not in the room but in an adjoining room. Miss Catharine Ducey, the proponent, then called her in the room. Thereupon Miss Catharine Ducey said to the decedent in effect: " Sign this paper here," and pointed out where the decedent was

to sign.  She did so sign and thereupon the two witnesses likewise signed the paper.  Both witnesses positively swear that Catharine Conway did not declare the paper to be her will, nor in any way indicate it to be such.  They likewise swear that no one indicated by word or act in the presence of the decedent that it was a will cr her will.  They likewise swear that the decedent did not ask them nor did any one ask them in the presence of the decedent to sign the paper as witnesses.  Had the two witnesses to the will forgotten all details of the transaction but had identified their signatures thereto at the end of the attestation clause, I would admit the will to probate.  In view, however, of their testimony showing in detail all the facts in relation to the execution of the instrument and the express statement of each that when he signed his name thereto he did not read the attestation clause or any part thereof, nor had it been read to him, I am compelled to find that Catharine Conway did not know that the paper was a will purporting to be hers; that she did not declare it to be her will or use any words, expressions or acts which would amount to a declaration and likewise that she did not ask the two witnesses or either of them to sign the paper.  Coupled with this there is also evidence to show the decedent to be a women eighty-five years of age or upwards with feebleness of mind and body incident to such advanced age. I, therefore, deny the admission of the will to probate.  Enter decree accordingly.