In the Matter of the Probate of the Will of ROBERT PULVERMACHER, Deceased.

Surrogate's Court, New York County, February 21, 1952.

*Samuel L. Zuckerman* and *Homer I. Harris* for Max Pulvermacher and another, proponents.

*Edward B. Schulkind* for Helen Marcin, respondent.

*Walter M. Weisberg* and *Bertram H. Siegeltuch* for Phyliss Altman and another, contestants.

*Abraham Zemlock* for Esther Feinberg and others, contestants.

FRANKENTHALER, S. Objections have been interposed to the probate of the instrument dated January 14, 1949, on the ground that the paper was not validly executed within section 21 of the Decedent Estate Law. It is conceded that decedent signed the instrument in the presence of the two witnesses and that they signed as witnesses at his request. Hence, the sole issue before the court is whether decedent declared the paper so subscribed to be his last will and testament (Decedent Estate Law, § 21, subd. 3). The only testimony offered was that of the two subscribing witnesses.

On the date of execution, decedent appeared at the safe deposit vaults of his bank and was admitted by Mr. Lavelle, an employee attached to the safe deposit section. After remaining in the coupon room for some time, it appears that decedent obtained a sheet of memorandum paper from Mr. Lavelle and returned to the room. He later reappeared, approached Mr. Lavelle's desk and requested him and Mr. Hart, the other subscribing witness whose desk adjoined that of Lavelle, to witness his signature to the paper. Deceased's signature had already been affixed but Mr. Lavelle requested him to sign again, which he did. The two witnesses then signed.

There is some discrepancy between the testimony of the witnesses as to what was said by decedent at this time. Mr. Lavelle testified that decedent declared, " I am going away on a trip. I have some instructions I want carried out if anything happens." At another time, the same witness testified that decedent said he was going on a trip and was leaving some instructions. Mr. Hart testified that decedent referred to the paper as " something he wanted taken care of; that with all the accidents which you have today you never know what will

happen.'' At another time, he testified that decedent's words were, '' there is something I want taken care of.'' Witness Lavalle stated that though the bottom quarter of the paper was visible he did not read it. That quarter page contained the words, '' the business of L. Pulvermacher & Bros. is to be continued is the wish of deceased, otherwise in the event they cannot get along together to dissolve the business and divide.'' and the words, '' Robert Pulvermacher, 308 East 79th Street, C., papers to be ''. Witness Hart testified that the bottom eighth of the paper, containing deceased's name, address and the signature of the other witness, was visible to him but that he did not read it. The physical condition of the paper makes it appear that it was folded in quarters.

Both witnesses testified that decedent did not declare, either expressly or impliedly, that the paper was his will and that neither of them so understood from his words or conduct.

Upon this evidence, the court finds that decedent did not declare the instrument to be his last will and testament and probate must therefore be denied. It is, of course, axiomatic that the intention of the Legislature and not that of the testator must be construed in applying section 21 of the Decedent Estate Law (*Matter of Whitney,* 153 N. Y. 259, 264; *Matter of Conway,* 124 N. Y. 455, 462; *Matter of O'Neil,* 91 N. Y. 516, 520). It has been said that the purpose of the requirement of publication is to insure that decedent knew the nature of the instrument he was signing (1 Davids on New York Law of Wills, § 307). To the extent that the propounded instrument was in decedent's handwriting it may be conceded that he was aware of its character. This does not, however, without more, satisfy the statutory requirement that deceased declare the paper to be his will in the presence of the subscribing witnesses. While express words of publication are not necessary, there must be proof that the testamentary character of the instrument was communicated by the decedent to the witnesses (*Matter of Turell,* 166 N. Y. 330, affg. 47 App. Div. 560, affg. 28 Misc. 106; *Lewis v. Lewis,* 11 N. Y. 220; *Matter of Moore,* 109 App. Div. 762, affd. 187 N. Y. 573; *Ex parte Beers,* 2 Bradf. 163). If the paper is a holograph, the requisite declaration need not be quite so clear and decisive as in the case where the will is drawn by another, but there nevertheless must be substantial compliance with the statute (*Matter of Turell, supra; Matter of Moore,* 109 App. Div. 762, 765, affd. 187 N. Y. 573, *supra; Matter of Dawley,* 148 Misc. 828; *Matter of Wilmerding,* 75 Misc. 432).

As stated in *Matter of Turell* (*supra,* pp. 336–337): " The statute, however, makes no exception with respect to a holographic will, in its requirements as to execution, and it is not easy to understand how its holographic character dispenses with, at least, some substantial compliance with the formalities prescribed for the proper publication of a will. The statute still requires obedience. (*Matter of Beckett,* 103 N. Y. 167.) It is, undoubtedly, true, in the case of a holographic will, that the dangers of fraud and imposition, or of undue influence, against which the statute was designed as a safeguard, are greatly diminished and that it is unnecessary to criticise as closely the terms and manner of publication. The atmosphere of a testamentary instrument, wholly in the handwriting of the testator, is such as, naturally, to dispose the judicial mind to accept it as his will with less strictness in the proof of a compliance with statutory formalities. In all cases, a substantial compliance will be sufficient and no particular form of words is required, or is necessary, to effect publication (*Matter of Hunt,* 110 N. Y. 278; *Matter of Beckett,* 103 ib. 167); but some compliance must be proved." In the absence of evidence of publication, the paper will not be admitted to probate solely because it is a holograph (*Matter of Moore, supra; Matter of Dale,* 56 Hun 169, affd. 134 N. Y. 614; *Matter of Wilmerding, supra; Wilson* v. *Hetterick,* 2 Bradf. 427).

The proponents have not sustained the burden of establishing a proper publication. The subscribing witnesses, who were the only persons present at the time of execution, testified that decedent at no time declared the paper to be his will and that they did not so understand it. No contrary proof has been adduced. Proponent contends that deceased's statements to the effect that he was going on a trip and was leaving instructions " if anything happens " support the inference that the paper was testamentary in character. The same statements, however, are susceptive of the interpretation that the paper contained only instructions or was a power of attorney or an instrument of gift or assignment. As stated in *Lewis* v. *Lewis* (11 N. Y. 220, 227, *supra*): " The declaration that the instrument was his free will and deed, was equivocal, and would be satisfied by a deed executed voluntarily. It did not necessarily inform the witnesses that it was a will by excluding every other instrument from the mind. From the expression they could not know that the testator did not suppose the instrument was a deed." In order to achieve the quality of a declaration within

the statute, the statement must be unequivocably referable to a will (*Lewis* v. *Lewis, supra; Ex Parte, Beers, supra*).

There was no proof that either witness was aware at the time of execution that the paper was deceased's will. If the witnesses were not informed by decedent of the nature of the paper, or if they were asked merely to sign an " instrument " or " document " there is not the requisite communication (*Matter of Turell, supra; Matter of Dale, supra; Matter of Conway*, 129 Misc. 361; *Matter of Delprat*, 27 Misc. 355; *Wilson* v. *Hetterick, supra; Ex Parte, Beers, supra; Matter of Harris*, 1 Tuck. 293). The fact that the witnesses may surmise the correct nature of the instrument, either by a reading of part or by some other mode, is not relevant if the impression is not created by the decedent (*Lewis* v. *Lewis, supra; Matter of Dale, supra; Wilson*, v. *Hetterick, supra; Ex Parte, Beers, supra*). Hence, the fact that doubt was cast upon the testimony of the witnesses that they did not read the visible portion of the instrument does not affect the conclusion reached herein.

The court has taken into consideration the fact that there are certain discrepancies and inconsistencies in the testimony of the two witnesses. Thus, it was not shown why the witness Lavelle requested deceased to sign the instrument in the presence of the two witnesses when he was well acquainted with deceased and his signature and when it was established that the practice of the witness was contrariwise. Furthermore, the gratuitous statement that the witnesses would not have signed as witnesses had they known the instrument was a will because the rules of the bank prohibited them from so doing was not supported by the bank rule introduced in evidence. While these facts cast doubt upon the credibility of the witnesses, they do not establish the contrary of their testimony (*Matter of Moore, supra*). Were the court to find that the testimony was not worthy of belief there would be no credible evidence of execution. Proponents cannot remedy a total lack of proof by casting doubt upon the testimony of the only persons present at the execution (*Matter of Moore, supra; Matter of Dale*, 56 Hun 169, 173, affd. 134 N. Y. 614, *supra*).

Submit decree on notice denying probate to the propounded paper.