John J. Dillon, S.
The instrument offered for probate is a typewritten document, consisting of three pages and dated December 15, 1954. On its face it appears to be a valid will executed by the testator in the presence of three witnesses. The special guardian has taken the position, however, that probate should be denied on the ground that the testator never revealed to the witnesses the nature of the document which they were called upon to sign and therefore failed to publish it as required by section 21 of the Decedent Estate Law.
The decedent was in the publishing business and the document was executed in his office in New York City. There was no attorney present. All three witnesses were employees of the decedent. One witness, Thelma Reiter, testified that she and Vito Pollina were called into Mr. Schwartz’ office and that she was then ‘1 asked to watch him sign and sign myself. ’ ’ She testified further: 111 asked what I was signing and they joked around and then I asked if it would get me into any difficulty and they said no, they said something about a will and I didn’t know whether they were serious or joking, but I didn’t know what it was I signed.” The second witness, Mr. Pollina, testified unequivocally that nothing was said about the nature of the instrument and that he did not know what he was signing except that it was “ some kind of legal document.” The third witness, Audrey Sylvern, had no recollection of the circumstances although she identified her signature. It is inferable from the testimony of the other two witnesses that she was not present at the time when they acted as witnesses.
The evidence is insufficient to establish publication. Compliance with the statute requires “ not only that the testator have knowledge of the character of the instrument, but, equally important, that he share that knowledge with his witnesses.” (Matter of Pulvermacher, 305 N. Y. 378.) Between the testator and the witnesses there must be “ some meeting of the minds *393 upon the understanding that the instrument was the testator’s will”. (Matter of Turell, 166 N. Y. 330, 337.) In this State at least, publication is “ one of the solemnities prerequisite to the due execution of a will ” (Matter of Pulvermacher, supra); and the solemn requirement of the statute can scarcely have been observed when the only evidence of publication is the statement of one witness that “they joked around ” and that, although something was said .about a will, “I didn’t know whether they were serious or joking, but I didn’t know what it was I signed.”
The instrument has an attestation clause, but such a clause is insufficient “when it positively appears that the essential elements in the due execution of a will are absent ” (Matter of Turell, supra).
The court finds that on the date of execution of the instrument the decedent was competent to make a will and was not under any restraint, and that the requirements of section 21 of the Decedent Estate Law were complied with except that the decedent did not declare the instrument to be his last -will and testament. The petition for probate is therefore denied. Settle decree.