In the Matter of the Petition of JOSEPHINE VAN DERZEE for Probate of the Last Will and Testament of JOHN A. VAN DERZEE, Deceased.

Surrogate's Court, Albany County, February 26, 1925.

**Wills — execution — proceeding for probate of holographic instrument — signature of decedent not made in presence of both subscribing witnesses — witnesses neither knew they were witnessing decedent's proposed will nor did he declare to them that paper was his last will — insufficient proof of proper execution — probate denied.**

The probate of a holographic instrument propounded as the last will of decedent will be denied for insufficient proof of proper execution, where it appears that though the instrument purports to be witnessed by two witnesses, the signature of the decedent was not made in the presence of both witnesses and neither knew he was witnessing decedent's proposed will nor did the decedent declare to either of them that the paper to which they affixed their signatures was his last will.

PROCEEDING for probate of will.

*Eugene J. Hummer*, for the proponent.

LAWYER, S.:

An instrument in writing is offered for probate as the last will and testament of John A. Van Derzee, who died on the 8th day of January, 1925. The writing, dated February 14, 1921, is holographic and purports to be witnessed by two witnesses.

Aaron H. Fares, one of the witnesses, testified that in October, 1921, while at the residence of the decedent, he was requested by John A. Van Derzee to witness his signature and that he then and there saw decedent write his name.

The paper was not declared to be a last will and the witness did not know what kind of an instrument he was witnessing The first information he had that the paper signed by Van Derzee and witnessed by himself was a will was in February, 1925, after Van Derzee's death. The other witness, Irving J. Biechman, signed his name as a witness to a paper at the decedent's request about the middle of February, 1922, or about four months after the signature of decedent was witnessed by Fares. The decedent produced a paper and requested Biechman to sign the same. The witness replied: " I want to see what paper I am signing." Van Derzee replied: " No, this isn't for you to see." The witness then said: " If you say it is all right, why it is," and signed his name.

The writing was not declared to this witness to be a last will;

the witness did not see the decedent sign the paper and neither did decedent acknowledge his signature. Biechman did not know that he had affixed his signature as a witness to a paper purporting to be a will until February, 1925.

While the strictness of proof of the essentials of execution of a will has been relaxed in some instances, where a will is holographic, still the statute makes no exception with respect to the requirements of execution. (*Matter of Turell*, 166 N. Y. 330.)

Where a testator subscribed a written instrument and one witness saw the signature and it was declared to both witnesses and both witnesses signed in the presence of the testator and of each other, the execution of a holographic will was held sufficient. (*Matter of Akers*, 74 App. Div. 461.) But in the instant case, while the signature of decedent was made in the presence of one witness, the signature was not declared to the other witness and neither witness knew what kind of an instrument he was witnessing. The paper propounded for probate was not declared to be a last will to either witness.

Publication may be made to subscribing witnesses on different occasions and when they are apart from each other. It is not necessary that the witnesses should subscribe in the presence of each other. (*Hoysradt* v. *Kingman*, 22 N. Y. 372.) But a testator must subscribe his name and declare the writing to be his last will in the presence of at least two witnesses.

Where a testator handed a will to witnesses so folded that they could not see the signature, proof of execution was held insufficient. (*Matter of Mackay*, 110 N. Y. 611; *Matter of Laudy*, 14 App. Div. 160.)

If properly executed the writing offered for probate would be admitted as a will. The decedent's wishes cannot be carried out and he died intestate.

The result furnishes another instance of the necessity that a draftsman of a will should be fully informed concerning the strict requirements of the law and should understand that although no particular form or words are required in order to make a valid will, still the statute providing for execution thereof must be strictly complied with.

Probate denied.